UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

    PFG ASPENWALK, LLC                      Chapter 11

        Debtors.                                BKY 10-47089

OBJECTION OF THE UNITED STATES TRUSTEE
TO MOTION FOR EXPEDITED HEARING AND MOTION FOR ORDER
APPROVING POST PETITION FINANCING

The United States Trustee, by his undersigned attorney, objects to the debtor's expedited motion and motion to approve post petition financing and granting of a senior lien under §364(d). In support of his objection, the United States Trustee states as follows.

    1. A petition commencing this case under Chapter 11 was filed on September 23, 2010.

    2. The United States Trustee has standing to raise his objection pursuant to 28 U.S.C. §586(a); 11 U.S.C. § 307 and Local Bankruptcy Rule 107(b).

FACTS

    3. On September 23, 2010, the debtor filed a motion seeking interim and final authority to borrow up to $1,399,337.00 on a post petition basis to complete construction of a residential building which is one of its only two assets. The borrowing would be secured by a first lien on debtor's assets, as provided for by 11 U.S.C. §364(d).

    4. On an interim basis, the debtor seeks approval to borrow $152,000.00. The basis for the expedited motion is alleged to be the pending loss (on October 28, 2010) of preliminary governmental approval from the city of Aspen, Colorado to complete debtor's housing development.

1

5. According to debtor's motion, the debtor's development project has been stalled as the result of the Thomas Petters Ponzi scheme. The debtor's motion states it has two years from October 27, 2008, when the Aspen Planning Commission first approved the project, to get final approval. That deadline is the basis for the exigency.

6. . On September 27, 2010, the debtor filed a supplement to the motion in the form of a verified statement of Thomas Salmen. That statement establishes the $152,000 interim borrowing request and sets out the immediate uses of the cash. Specifically, it shows that the debtor seeks to borrow from Rapid Funding, LLC, for the purpose of paying architects, engineers and planning consultants, paying for local project management, travel costs, legal costs, developer overhead, and city fees and costs, as well as the closing costs on the loan.

7. The loan from Rapid Funding will, under §364(d) prime the pre-existing first secured loan to the debtor which is now held by Bank of America.

8. An additional loan term provides that as payment for making the 18 month loan, the lender, Rapid Funding LLC, will receive 13% interest plus "5% of common equity in restructured entity".

9. No employment applications have been filed in the case, including any applications to employ architects, engineers, management consultants, project consultants, attorneys or accountants.

OBJECTIONS

No Expedited Approval

10. The U.S. Trustee objects to the debtor's request for expedited hearing. Based on the debtor's allegations in its motion, the payment of professionals such as architects, engineers

and consultants is not clearly necessary to avoid immediate and irreparable harm.   See Fed. R. Bankr. P. 4001(c)(2) and 9006(c)(2).   First, there is nothing that identifies the professionals, nothing that states what exactly they need to do, and nothing about what will happen if its not done.   Second, there have been no employment applications filed to hire these professionals so it is not clear they can be paid if the motion is approved.  Third, there may never be  immediate and irreparable harm if the debtor can get the development approval deadline extended, something the debtor's motion does not address.    Without more, there is no basis for hearing the motion on an expedited basis.

11.  In addition, it is not clear whether the October 28, 2010, expected expiration of the development approval established by the City of Aspen, would not be subject to an automatic extension under 11 U.S.C. §108(b).   This would lessen the debtor's exigency because it would have up to 60 days after the petition date before the approval would expire.   By the U.S. Trustee's calculations, this would put the deadline at about November 22, 2010.

<u>Loan Should Not be Approved</u>

12.  The U.S. Trustee also objects to the merits of the motion.    First, the provision that the lender will get 5% of the debtor's future equity is wholly inappropriate at this point in the case.  The composition of post confirmation equity is a matter to be voted on by creditors as part of plan approval.  To lock the debtor into giving Rapid Funding 5% equity now could undermine the debtor's future reorganization efforts.  Further, the 5% is excessive given that a post petition lender is virtually guaranteed repayment when the loan is approved under §364(d) with a priming lien secured by real estate in Aspen, Colorado.   In addition, the ultimate value of the 5% is now completely unknown.  If the debtor's assertions about the value of its land are true,

3

then the additional equity to the lender is excessive which causes the loan to not be in the best interests of the estate.   For these reasons, the 5% provision cannot be approved

13.   Also, it is not clear that the debtor met its burden of proof to show that the existing liens being primed are adequately protected, as required by §364(d)(2).   Although the debtor's motion makes allegations of a $5.5 million equity cushion, the real estate's value has not been documented and as a result, the debtor has not yet met its burden of proving that Bank of America will maintain its collateral position if the loan is made.   Further, it remains unknown whether Bank of America consents to having its lien primed.

14.   The debtor's stated uses of funds is also shown to include "legal" and it appears that the debtor will cover the legal costs Rapid Funding incurs in making the loan.  This appears excessive since the debtor's figures show this to be $70,000 over the three draws on the loan.

WHEREFORE, the United States Trustee objects to the Debtor's motion for post petition borrowing.   The U.S. Trustee requests that the court deny the request for expedited hearing and further that it sustain his objections until such time as the issues set forth above are resolved.

Dated:  September 27, 2010					HABBO G. FOKKENA
								United States Trustee
								Region 12

								 /s/ Michael R. Fadlovich
								Michael R. Fadlovich
								ID #158410
								Office of the U.S. Trustee
								U.S. Courthouse, Suite 1015
								300 South Fourth Street
								Minneapolis, MN 55415
								TELE: (612) 664-5500

**VERIFICATION**

I, Michael R. Fadlovich, an attorney for the United States Trustee, do hereby certify that the foregoing is true and correct to the best of my knowledge, information and belief.

September 27, 2010

                                                                                                              _____s/Michael R. Fadlovich_____
                                                                                                                      Michael R. Fadlovich

CERTIFICATE OF SERVICE
_____

In re:

    PFG ASPENWALK, LLC                                   Chapter 11

    Debtors.
_____

The undersigned hereby certifies under penalty of perjury that she is an employee in the Office of the United States Trustee for the District of Minnesota and is a person of such age and discretion as to be competent to serve papers. That on September 27, 2010, she served a copy of the attached: United States Trustee's Objection to Post Petition Borrowing by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Minneapolis, Minnesota.

Addressee(s):

PFG ASPENWALK LLC
2005 CARGO ROAD
MINNEAPOLIS MN 55450

ROBERT KUGLER, ESQ.
LEONARD STREET AND DEINARD
150 S 5TH ST STE 2300
MINNEAPOLIS MN 55402

William Fisher, Esq.
Grey Plant Mooty
500 I DS Tower
80 S. Eighth Street
Minneapolis, MN 55402

MARC N SWANSON ESQ
MILLER CANFIELD PADDOCK & STONE PLC
150 W JEFFERSON AVE STE 2500
DETROIT MI 48226

                                                              By:   e/Lilia Serna de Coronado
                                                                    Lilia Serna de Coronado
                                                                    U.S. Trustee's Office
                                                                    300 South Fourth St., #1015
                                                                    Minneapolis, MN 55415
                                                                    (612) 664-5500

2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

    PFG ASPENWALK, LLC                         Chapter 11

        Debtors.

**ORDER**

The debtor's motion for order approving post petition borrowing came before the court. Appearances were as noted on the record.

Based on the pleadings, the bankruptcy case file, the arguments of counsel and all the files and records herein, it is hereby ORDERED

That the debtor's motion for an expedited hearing is denied.

                                                Robert J. Kressel
                                                United States Bankruptcy Judge