**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In the Matter of: Case No. 10-47089-RJK

PFG ASPENWALK, LLC, Chapter 11

        Debtor. Honorable Robert J. Kressel
_____/

**STIPULATION BY AND AMONG BANK OF AMERICA AND THE DEBTOR REGARDING THE DEBTOR'S MOTION FOR
(I) EXPEDITED RELIEF AND (II) INTERIM AND FINAL ORDERS
(A) AUTHORIZING DEBTOR-IN-POSSESSION FINANCING AND
(B) APPROVING A DEBTOR-IN-POSSESSION LOAN THAT INCLUDES
THE GRANT OF A SENIOR LIEN UNDER 11 U.S.C. § 364(D)**

On this 28th day of September, 2010, PFG Aspenwalk, LLC ("Debtor") and Bank of America, N.A. ("Bank of America") stipulate and agree as follows:

**RECITALS**

WHEREAS, the Debtor is (1) the owner of a 14-unit apartment building located at 404 Park Avenue, Aspen, Colorado ("Property"), (2) a party to a purchase agreement for 414 Park Circle, Aspen, Colorado and (3) a party to a Joint Development Agreement with the Aspen Pitkin County Housing Authority covering the two properties described, for the purpose of constructing a residential condominium project ("Project").

WHEREAS, Bank of America has a valid, binding, perfected, enforceable first priority security interest and lien on the Property which is not subject to avoidance, reduction, disallowance, impairment or subordination by the Debtor pursuant to the Bankruptcy Code or applicable non-bankruptcy law.

WHEREAS, on or about October 27, 2008, pursuant to Resolution No. 74, the Aspen City Council granted the Debtor Conceptual Planned Unit Development ("Conceptual PUD") approval for the Project.

WHEREAS, the Conceptual PUD approval for the Project was set to expire on or about October 29, 2009.

WHEREAS, in or about September, 2009, the Debtor submitted a request to the Aspen City Council to extend the Conceptual PUD approval.

WHEREAS, on or about October 13, 2009, the Aspen City Council granted the Debtor's request, extending the Conceptual PUD approval until October 28, 2010.

WHEREAS, the Debtor has not filed a request to extend the Conceptual PUD approval past October 28, 2010.

WHEREAS, if the Debtor fails to (1) request an extension of the Conceptual PUD approval by September 28, 2010 or (2) file an application for Final Planned Unit Development ("Final PUD") approval that the City of Aspen determines to be complete by October 28, 2010, the Conceptual PUD approval will expire.

WHEREAS, before the Debtor can begin Project construction, it must obtain Final PUD approval.

WHEREAS, on September 23, 2010 ("Petition Date"), the Debtor filed a bankruptcy petition with this court, commencing this Chapter 11 case. The Debtor also filed the Notice of Hearing and Motion for (I) Expedited Relief, (II) Interim and Final Orders Authorizing Debtor to Obtain Debtor-in-Possession Financing and Approving the Debtor-in-Possession Loan That Includes the Grant of a Senior Lien Under 11 U.S.C. § 364(d) and Provide [sic] Adequate Protection ("Motion"). [Doc. No. 5].

WHEREAS, the Motion requests, among other things, court authorization for the Debtor to obtain debtor-in-possession financing, on an interim and final basis, from Rapid Funding LLC ("DIP Lender") and to grant the DIP Lender a senior priming lien on the Property pursuant to Bankruptcy Code § 364(d).

WHEREAS, a hearing will be held on the portion of the Motion seeking an interim order ("Interim Relief") at 2:00 p.m. on September 28, 2010 ("Interim Hearing") before the Honorable Robert J. Kressel, in Courtroom 8W, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, 55415 ("Bankruptcy Court").

WHEREAS, a hearing on the portion of the Motion seeking a final order ("Final Relief") will be held at 10:00 a.m. on October 13, 2010, at the same location.

WHEREAS, on September 27, 2010, the United States Trustee, filed an Objection to the Motion. [Doc. No. 13].

WHEREAS, the Debtor and the DIP Lender have not entered into or executed a DIP loan agreement or other documents.

NOW, THEREFORE, in consideration of the foregoing, Bank of America and the Debtor agree and stipulate ("Stipulation"), subject to Court approval, as follows:

1. The Debtor shall file an appropriate request to extend the Conceptual PUD approval until October 28, 2011, such that it is received by the Aspen City Council prior to the close of business on September 28, 2010.

2. The Debtor shall submit an application for Final PUD approval such that it is received by the Aspen City Council on or before October 27, 2010.

3. On or before October 8, 2010, the Debtor and the DIP Lender shall execute a loan agreement ("Loan Agreement") in form and substance reasonably satisfactory to Bank of America and consistent with the terms of this Stipulation.

4. If (a) Bank of America provides the Debtor with a written notice specifically stating that it has approved the Loan Agreement and (b) all objections to the Debtor's request for the Interim Relief have been withdrawn, resolved or overruled, the Debtor is authorized to obtain up to a maximum amount of (x) $132,000 from the DIP Lender in debtor-in-possession financing on October 13, 2010 ("First Draw") and (y) $88,000 from the DIP Lender in debtor-in-possession financing on October 28, 2010 ("Second Draw" and together with the First Draw, the "October Draws"); provided, however, the October Draws shall be used solely in the amounts and for the specific purposes set forth on the below Table A,. The Debtor may carryover funds not in excess of $5,000 in any one line item to other line items excluding Lender Points/Fees (for which no increase may be incurred).

**Table A**

|  | Oct. 13, 2010 | Oct. 28, 2010 |
|---|---|---|
| Achitectural / Engineering | $ 35,000 | $ 15,000 |
| Planning Consultant | $ 7,000 | $ 3,000 |
| Local Project Management |  | $ - |
| Travel and Misc. | $ 5,000 | $ 5,000 |
| Legal | $ 20,000 | $ 15,000 |
| City Fees/Costs | $ 5,000 | $ - |
| Closing Costs for Project Recap / Chap 11 filing |  | $ 50,000 |
| Lender Points/Fees | $ 60,000 | $ - |
| Contingency (Chap 11/addl. approval. costs, etc.) | $ - | $ - |
|  |  |  |
| Total | $ 132,000 | $ 88,000 |

5. If either (a) the Aspen City Council grants an extension of the Conceptual PUD approval or (b) the City of Aspen determines that the Debtor's application for Final PUD approval is complete by October 28, 2010, the Debtor is authorized to obtain $30,000 from the DIP Lender in debtor-in-possession financing to pay developer overhead costs associated with the Project ("Overhead Draws" and together with the October Draws, the "Interim Draws").

6. The Debtor shall provide Bank of America with written proof, in the form of invoices, receipts, checks, wire confirmations, or other verifying documents, that the October Draws have been used for the specific purposes and in the amounts set forth on Table A within five (5) days of making an expenditure.

7. As collateral securing the full satisfaction of the Interim Draws received by the Debtor, Bank of America consents to the DIP Lender receiving, pursuant to Bankruptcy Code § 364(d), a first priority senior security interest in and lien on the Property ("Priming Lien").

8. As adequate protection for any diminution in the value of the collateral securing Bank of America's claims and for the Priming Lien, Bank of America is hereby granted a valid, binding, enforceable and perfected lien in and on all real property and personal property of the Debtor and the Debtor's bankruptcy estate, whether now owned or hereafter acquired and wherever located, and all proceeds, rents and profits thereof. The liens granted by this order to Bank of America are subject only to the Priming Lien and any non-avoidable, valid, enforceable

and perfected liens on or security interests in the assets of the Debtor, as a pre-petition debtor, which existed on the Petition Date, but only to the extent that such liens and security interests are superior in priority, to Bank of America's pre-petition liens and security interests in the assets of the Debtor, as a pre-petition debtor. Any pre-petition security interest or lien on the Debtor's property that is avoided or otherwise preserved for the benefit of the Debtor's bankruptcy estate under Bankruptcy Code § 551 or any other provision of the Bankruptcy Code shall be subordinate to the liens granted to Bank of America pursuant to this Stipulation.

    9. The terms of this Stipulation and Bank of America's consent to the Debtor's use of the Interim Draws shall not be deemed to be a waiver of any of Bank of America's rights to file an objection with respect to the Final Relief, to seek and obtain relief from the automatic stay, to seek and obtain an order dismissing the Debtor's bankruptcy case or converting the case to chapter 7, to contest the adequacy in fact of the protection given by the Debtor to Bank of America, or any other rights Bank of America may seek to exercise or enforce.

    10. The obligations and liens set forth herein are conditioned upon the entry of an order by the Bankruptcy Court approving this Stipulation, as set forth above. In the event this Stipulation is not approved by the Court, nothing herein shall constitute an admission or otherwise be admissible against either party in any subsequent proceeding.

    11. This Stipulation constitutes the entire understanding between the Debtor and Bank of America. Neither Bank of America nor the Debtor has made any other promises to or agreement with the other party other than those contained in this Stipulation. No wavier or modification of any term or condition contained herein shall be valid or binding unless in writing and executed by Bank of America and the Debtor.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

By:

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.


By: /s/ Timothy A. Fusco
Timothy A. Fusco (P13768)
Marc N. Swanson (P71149)
Ronald A. Spinner (P73198)
Attorneys for Secured Creditor Bank of America, N.A.
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
fusco@millercanfield.com

By:

LEONARD, STREET AND DEINARD


By: *(signature)*
Robert T. Kugler (#0194116)
Attorneys for PFG Aspenwalk, LLC
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
(612) 335-1500

By:

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Timothy A. Fusco
Timothy A. Fusco (P13768)
Marc N. Swanson (P71149)
Ronald A. Spinner (P73198)
Attorneys for Secured Creditor Bank of America, N.A.
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
fusco@millercanfield.com

By:

LEONARD, STREET AND DEINARD

By: 
Robert T. Kugler (#0194116)
Attorneys for PFG Aspenwalk, LLC
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
(612) 335-1500