**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

PFG ASPENWALK, LLC,

        Debtor.

Chapter 11
Case No. 10-47089-RJK

**STIPULATION BY AND AMONG BANK OF AMERICA AND THE DEBTOR
REGARDING THE DEBTOR'S MOTION FOR FINAL ORDERS
(A) AUTHORIZING DEBTOR-IN-POSSESSION FINANCING AND
(B) APPROVING A DEBTOR-IN-POSSESSION LOAN THAT INCLUDES
THE GRANT OF A SENIOR LIEN UNDER 11 U.S.C. § 364(d)**

On this 19th day of November, 2010, PFG Aspenwalk, LLC ("Debtor") and Bank of America, N.A. ("Bank of America"; together with the Debtor, the "Parties") agree and stipulate ("Stipulation") as follows:

**RECITALS**

WHEREAS, the Debtor is (1) the owner of a 14-unit apartment building located at 404 Park Avenue, Aspen, Colorado ("Property"), (2) a party to a purchase agreement for 414 Park Circle, Aspen, Colorado and (3) a party to a Joint Development Agreement with the Aspen Pitkin County Housing Authority covering the two properties described, for the purpose of constructing a residential condominium project ("Project").

WHEREAS, as of the Petition Date (as defined below), Bank of America, had a valid, binding, perfected, enforceable first priority security interest and lien on the Property which is not subject to avoidance, reduction, disallowance, impairment or subordination by the Debtor pursuant to the Bankruptcy Code or applicable non-bankruptcy law.

WHEREAS, as part of the security granted to Bank of America, the Debtor executed and Bank of America properly recorded an Assignment of Rents on or about December 21, 2007, whereby the Debtor sold, conveyed, and assigned to Bank of America all "rents, revenues, issues, profits, proceeds, receipts, income, accounts and other receivables" arising out of or from the Property ("Rents").

WHEREAS, on or about October 27, 2008, the Aspen City Council passed Resolution No. 74, granting Conceptual Planned Unit Development ("Conceptual PUD") approval for the Debtor's Project.

WHEREAS, Conceptual PUD approval for the Project was to expire on or about October 29, 2009.

7278079v3

WHEREAS, in or about September, 2009, the Debtor submitted a request to the Aspen City Council for extension of the Conceptual PUD approval.

WHEREAS, on or about October 13, 2009, the Aspen City Council granted the Debtor's request, extending Conceptual PUD approval until October 28, 2010.

WHEREAS, before the Debtor can begin Project construction, it must obtain Final PUD approval.

WHEREAS, on September 23, 2010 ("Petition Date"), the Debtor filed a bankruptcy petition with this court, commencing this Chapter 11 case.

WHEREAS, on the Petition Date, the Debtor also filed its Notice of Hearing and Motion for (I) Expedited Relief, (II) Interim and Final Orders Authorizing Debtor to Obtain Debtor-in-Possession Financing and Approving the Debtor-in-Possession Loan That Includes the Grant of a Senior Lien Under 11 U.S.C. § 364(d) and Provide [sic] Adequate Protection ("Motion"). [Doc. No. 6].

WHEREAS, the Motion requests, among other things, court authorization for the Debtor to obtain debtor-in-possession financing ("DIP Loan"), on an interim and final basis, from Rapid Funding LLC ("DIP Lender") and to grant the DIP Lender a senior priming lien on the Property pursuant to Bankruptcy Code § 364(d).

WHEREAS, an emergency hearing was held on the portion of the Motion seeking an interim order at 2:00 p.m. on September 28, 2010 ("Interim Hearing") before the Honorable Robert J. Kressel, in Courtroom 8W, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, 55415 ("Bankruptcy Court").

WHEREAS, the Parties entered into a stipulation ("First Stipulation") to consensually resolve their dispute with respect to the relief sought at the Interim Hearing. [Doc. No. 16.]

WHEREAS, the Bankruptcy Court approved the First Stipulation. [Doc. No. 17.]

WHEREAS, pursuant to the First Stipulation, the Debtor filed an application with the City of Aspen seeking Final PUD approval.

WHEREAS, the Parties entered into a second stipulation ("Second Stipulation") to continue the final hearing on the Motion. [Doc. No. 21.]

WHEREAS, the Bankruptcy Court approved the Second Stipulation. [Doc. No. 22.]

WHEREAS, on or about October 18, 2010, the City of Aspen confirmed that the Debtor's submittal package for application for final PUD approval is deemed complete.

WHEREAS, on October 25, 2010, Bank of America filed notice pursuant to 11 U.S.C. § 546(b)(2) ("Notice"), and thus has a perfected lien in the Rents, either as a direct result of the Assignment of Rents or as a result of the filing of the Notice.

WHEREAS Bank of America's lien in the Rents means that the Rents are its cash collateral as defined in Bankruptcy Code § 363.

WHEREAS, a hearing was scheduled on November 1, 2010, with respect to the portion of the Motion seeking Bankruptcy Court authorization to draw an additional $452,500.00 from the DIP Loan. This hearing has been continued to November 24, 2010.

NOW, THEREFORE, in consideration of the foregoing, Bank of America and the Debtor agree and stipulate, subject to Bankruptcy Court approval, as follows:

1.  The Debtor acknowledges that (a) Bank of America has a valid, binding, and enforceable first priority security interest and lien on the Rents, perfected no later than October 25, 2010; (b) Bank of America's interest and lien in the Rents is not subject to avoidance, reduction, disallowance, impairment or subordination by the Debtor pursuant to the Bankruptcy Code or applicable non-bankruptcy law; and (c) Rents arising after October 25, 2010 constitute cash collateral, as such term is defined in section 363 of the Bankruptcy Code ("Cash Collateral").

2.  If all objections to the Debtor's request to draw $452,500.00 have been withdrawn, resolved or overruled, the Debtor is authorized to obtain up to a maximum amount of $320,000 from the DIP Lender in debtor-in-possession financing beginning on November 19, 2010 and through no later than the next hearing date, which shall not occur prior to February 15, 2011 ("Draws"); provided, however, that the Draw(s) shall be used solely in the amounts and for the specific purposes set forth on the below Table A ("Allowed Expenses"); and further provided that the Debtor shall use the Cash Collateral to fund the Allowed Expenses to the maximum extent possible, relying on the Draws only to the extent that the Cash Collateral is insufficient to fund the Allowed Expenses. In no event are the Allowed Expenses to exceed the total shown in Table A, regardless of the source of funding. The Debtor may carryover funds not in excess of $10,000 in any one line item to other line items, with the exception of Contingency, which may be used for any of the other line items.

**Table A**

| Use of DIP Loan Proceeds | Amount |
|---|---|
| Architectural / Engineering………………………... | $66,960 |
| Planning Consultant………………….…............... | $15,000 |
| Local Project Management……………………... | $8,500 |
| Travel and Misc. ……………………................... | $8,000 |
| Legal (Debtor) ………………….….................... | $80,000 |
| Legal (Amend/Update APCHA Agreements)…... | $30,000 |
| Developer Overhead………………………….. | $45,000 |
| City Fees/Costs…………………………………. | $14,500 |
| Closing Costs for Project Recap / Chap 11 filing.. | $25,000 |
| Contingency (Chap 11/additional approval costs). | $27,040 |
| **Total** | **$320,000** |

3. The Debtor shall provide Bank of America with written proof, in the form of invoices, receipts, checks, wire confirmations, or other verifying documents, that the Draws have been used for the specific purposes and in the amounts set forth on Table A within five (5) days of making an expenditure.

4. As collateral securing the full satisfaction of the Draws received by the Debtor and authorized pursuant to an order entered by the Bankruptcy Court, Bank of America consents to the DIP Lender receiving, pursuant to Bankruptcy Code § 364(d), a first priority senior security interest in and lien on the Property, Project, and Rents ("Priming Lien").

5. Thomas Klassen and Thomas Salmen shall each be granted an allowed administrative claim in this bankruptcy case in the amount of $15,000 due to their efforts in the management of the Debtor.

6. The Debtor may not (a) receive or use any additional proceeds from the DIP Loan other than those authorized pursuant to this Stipulation and the First Stipulation without first obtaining an order from the Bankruptcy Court permitting it to receive or use such proceeds or (b) request approval from the Bankruptcy Court to receive or use additional proceeds from the DIP Loan other than those authorized pursuant to this Stipulation and the First Stipulation prior to February 15, 2011. The next hearing on the Motion shall occur on or after February 15, 2011.

7. As adequate protection for any diminution in the value of the collateral securing Bank of America's claims and for the Priming Lien, Bank of America is hereby granted a valid, binding, enforceable and perfected lien in and on all real property and personal property of the Debtor and the Debtor's bankruptcy estate, whether now owned or hereafter acquired and wherever located, and all proceeds, rents and profits thereof. The liens granted by this order to Bank of America are subject only to the Priming Lien and any non-avoidable, valid, enforceable and perfected liens on or security interests in the assets of the Debtor, as a pre-petition debtor, which existed on the Petition Date, but only to the extent that such liens and security interests are superior in priority, to Bank of America's pre-petition liens and security interests in the assets of the Debtor, as a pre-petition debtor. Any pre-petition security interest or lien on the Debtor's property that is avoided or otherwise preserved for the benefit of the Debtor's bankruptcy estate under Bankruptcy Code § 551 or any other provision of the Bankruptcy Code shall be subordinate to the liens granted to Bank of America pursuant to this Stipulation.

8. The terms of this Stipulation and Bank of America's consent to the Debtor's use of the Draws shall not be deemed to be a waiver of any of Bank of America's rights to file an objection with respect to any future draws, to seek and obtain relief from the automatic stay, to seek and obtain an order dismissing the Debtor's bankruptcy case or converting the case to chapter 7, to contest the adequacy in fact of the protection given by the Debtor to Bank of America, to file any other motion permitted by applicable law, or exercise any other remedy Bank of America may have under the Bankruptcy Code or otherwise.

9. The obligations and liens set forth herein are conditioned upon the entry of an order by the Bankruptcy Court approving this Stipulation, as set forth above. In the event this Stipulation is not approved by the Bankruptcy Court, nothing herein shall constitute an admission or otherwise be admissible against either party in any subsequent proceeding.

10. This Stipulation constitutes the entire understanding between the Debtor and Bank of America. Neither Bank of America nor the Debtor has made any other promises to or agreement with the other party other than those contained in this Stipulation. No wavier or modification of any term or condition contained herein shall be valid or binding unless in writing and executed by Bank of America and the Debtor.

Dated: November 19, 2010

By:

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/
    Timothy A. Fusco (P13768)
    Marc N. Swanson (P71149)
    Ronald A. Spinner (P73198)
    Attorneys for Secured Creditor Bank of America, N.A.
    150 West Jefferson, Suite 2500
    Detroit, MI 48226
    (313) 963-6420
    fusco@millercanfield.com

By:

LEONARD, STREET AND DEINARD

By: /s/ Robert T. Kugler
    Robert T. Kugler (#0194116)
    Lara O. Glaesman (#0316866)
    Attorneys for PFG Aspenwalk, LLC
    150 South Fifth Street, Suite 2300
    Minneapolis, MN 55402
    (612) 335-1500
    Robert.kugler@leonard.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

PFG ASPENWALK, LLC,

          Debtor.

Chapter 11
Case No. 10-47089-RJK

**INTERIM ORDER (I) AUTHORIZING DEBTOR TO OBTAIN DEBTOR-IN-POSSESSION FINANCING, AND (II) APPROVING THE DEBTOR-IN-POSSESSION LOAN THAT INCLUDES THE GRANT OF A SENIOR LIEN UNDER 11 U.S.C. § 364(d) AND PROVIDE ADEQUATE PROTECTION**

The debtor's motion for an interim order authorizing the debtor to obtain debtor-in-possession financing is before the court.

Based upon the motion, stipulation by and among the debtor and Bank of America, N.A. (docket no. _____),

**IT IS ORDERED:**

1. The debtor's motion for interim relief is granted to the extent set forth in this order.

2. All objections to the motion for interim relief are overruled.

3. The stipulation between the debtor and Bank of America, N.A. is approved.

4. The debtor is authorized, on an interim basis, to obtain debtor-in-possession financing from the debtor-in-possession lender and to grant the debtor-in-possession lender a senior lien on the property, project, and rents pursuant to 11 U.S.C. § 364(d) in accordance with the stipulation.

5. The debtor is authorized to draw $320,000.00 under the debtor-in-possession loan in accordance with the stipulation.

7278684v1

6. For purposes of adequate protection pursuant to 11 U.S.C. § 364(d), Bank of America, N.A. is granted replacement liens pursuant to 11 U.S.C. § 552 in the debtor's post-petition assets of the same type and nature as are subject to the pre-petition liens of Bank of America, N.A. Except for the priming lien on the property, project, and rents granted to the debtor-in-possession lender, such liens shall have the same priority, dignity, and effect as pre-petition liens on the pre-petition property of the debtor.

7. The replacement liens granted by the debtor shall be deemed properly perfected without further act or deed on the part of the debtor or Bank of America, N.A.

8. Bank of America, N.A. is deemed to be adequately protected with respect to its collateral.

Dated:

                                      Robert J. Kressel,
                                      United States Bankruptcy Judge