UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

PFG ASPENWALK, LLC,

Chapter 11
Case No. 10-47089-RJK

Debtor.

NOTICE OF HEARING AND MOTION FOR
APPROVAL OF STIPULATION BY AND AMONG
BANK OF AMERICA AND THE DEBTOR REGARDING
THE DEBTOR'S USE OF CASH COLLATERAL
UNDER 11 U.S.C. §§ 361, 362 and 363(e)

TO: THE PARTIES IN INTEREST AS SPECIFIED IN THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 9013-3(a)(2).

Through this motion (this "Motion"), PFG AspenWalk, LLC (the "Debtor") moves this Court for entry of an order approving the stipulation by and between the Debtor and Bank of America, N.A. ("Bank of America"; together with the Debtor, the "Parties") regarding the Debtor's use of cash collateral pursuant to 11 U.S.C. §§ 361, 362 and 363(e) and, further, provides notice of a related hearing.

1. The Court will hold a hearing on the Debtor's Motion at 10:00 a.m. on December 15, 2010, before the Honorable Robert J. Kressel, in Courtroom 8W, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

2. Any objection to this Motion must be filed and served by delivery no later than December 9, 2010, which is fifteen (15) days after service of this Motion (including Saturdays, Sundays and holidays). **UNLESS AN OBJECTION TO THIS MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING**.

3. This Motion is filed pursuant to Fed. R. Bankr. P. 4001(d) and Local Rules 9013-1 through 9013-3, and the Debtor seeks approval of a stipulation by and between the Parties regarding the Debtor's use of cash collateral pursuant to 11 U.S.C. §§ 361, 362 and 363(e).

4. On September 23, 2010 (the "Petition Date"), the Debtor filed a petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code" or "Code"). The case is now pending before this Court.

5. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1. This is a core proceeding.

6. Since the Petition Date, the Debtor has operated its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Code. No creditors' committee or other official committee has been appointed pursuant to Section 1102 of the Bankruptcy Code. The primary parties-in-interest have been served with this Motion.

## BACKGROUND

7. The Debtor's primary assets consist of the following: real property located at 404 Park Avenue, Aspen, Pitkin County, Colorado (the "Rental Property") and the proceeds generated therefrom; the Debtor's rights under a purchase agreement for 414 Park Circle, Aspen, Pitkin County, Colorado; and a joint development agreement with Aspen Pitkin County Housing Authority covering the development of the Rental Property and the 414 Park Circle, Aspen, Pitkin County, Colorado property, all for the purpose of constructing a residential condominium project (the "Project"). (*See* Ex. A at 1.)

8. As of the Petition Date, Bank of America had a valid, binding, perfected, enforceable first priority security interest and lien on the Rental Property, which is not subject to

avoidance, reduction, disallowance, impairment or subordination by the Debtor pursuant to the Bankruptcy Code or applicable non-bankruptcy law. (*Id.*)

9. As part of the security granted to Bank of America, the Debtor executed, and Bank of America properly recorded, an Assignment of Rents on or about December 21, 2007, whereby the Debtor sold, conveyed, and assigned to Bank of America all "rents, revenues, issues, profits, proceeds, receipts, income, accounts and other receivables" arising out of or from the Property (the "Rents"). (*Id.*)

10. On or about October 27, 2008, the Aspen City Council passed Resolution No. 74, granting Conceptual Planned Unit Development ("Conceptual PUD") approval for the Debtor's Project. (*Id.*) Conceptual PUD approval for the Project was to expire on or about October 29, 2009. (*Id.*)

11. In or around September 2009, the Debtor submitted a request to the Aspen City Council for extension of the Conceptual PUD approval. (*Id.*)

12. On or about October 13, 2009, the Aspen City Council granted the Debtor's request, extending Conceptual PUD approval until October 28, 2010. (*Id.* at 2.)

13. Before the Debtor can begin Project construction, it must obtain Final PUD approval. (*Id.*)

14. On the Petition Date, the Debtor filed a bankruptcy petition with this Court, commencing this Chapter 11 case. (*Id.*)

15. On or about October 12, 2010, the Debtor filed an application with the City of Aspen seeking Final PUD approval. (*Id.*)

16. On or about October 18, 2010, the City of Aspen confirmed that the Debtor's submittal package for application for Final PUD approval is deemed complete. (*See id.*)

17. On October 25, 2010, Bank of America filed notice pursuant to 11 U.S.C. § 546(b)(2) (the "Notice"), and thus has a perfected lien in the Rents, either as a direct result of the Assignment of Rents or as a result of the filing of the Notice. (*Id*.) Bank of America's lien in the Rents means that the Rents are its cash collateral as defined in Bankruptcy Code § 363. (*Id*.)

18. On November 19, 2010, the Debtor and Bank of America entered into a stipulation with respect to the Debtor's authorization to obtain and make use of Debtor-in-Possession ("DIP") Loan financing (the "November 19 Stipulation"). (*Id*.)

19. On November 24, 2010, the Debtor and Bank of America entered into a stipulation with respect to the Debtor's authorization to use cash collateral (the "Stipulation"), which is attached as Exhibit A.

20. The Debtor seeks to use the Rents to pay for operating expenses associated with the management and operation of the Rental Property (the "Operational Expenses") and Allowed Expenses, as both are defined in the November 19 Stipulation and the Stipulation. (*Id*.)

## RULE 4001(d)(1)(B) STATEMENT

21. Pursuant to Fed. R. Bankr. P. 4001(d), the Debtor seeks approval of the Stipulation regarding the Debtor's use of cash collateral pursuant to 11 U.S.C. §§ 361, 362 and 363(e), and note the following material provisions of the Stipulation:

   1. The Debtor acknowledges that (a) Bank of America has a valid, binding, and enforceable first priority security interest and lien on the Rents, perfected no later than October 25, 2010; (b) Bank of America's interest and lien in the Rents is not subject to avoidance, reduction, disallowance, impairment or subordination by the Debtor pursuant to the Bankruptcy Code or applicable non-bankruptcy law; and (c) Rents arising after October 25, 2010, constitute cash collateral, as such term is defined in section 363 of the Bankruptcy Code ("Cash Collateral"). (Ex. A ¶ 1 at 2.)

4

2. Subject to the conditions of this Stipulation, the Debtor is authorized to use the Cash Collateral until February 15, 2011, solely and exclusively for operating expenses associated with the management and operation of the rental property at 404 Park Avenue (the "Operational Expenses"); provided, however, to the extent there is excess Cash Collateral after Operational Expenses have been satisfied, the remaining Cash Collateral shall be used to fund Allowed Expenses, as defined in the Nov. 19 Stipulation, to reduce the Debtor's reliance on DIP Loan financing. (*Id.* ¶ 2 at 2.)

3. The Debtor shall provide Bank of America with written copies, in the form of invoices, receipts, checks, wire confirmations, or other verifying documents, evidencing the payments made by the Debtor with the Cash Collateral within five (5) days of making an expenditure. (*Id.* ¶ 3 at 3.)

4. As adequate protection for any diminution in the value of the collateral securing Bank of America's claims, Bank of America is hereby granted a valid, binding, enforceable and perfected lien in and on all real property and personal property of the Debtor and the Debtor's bankruptcy estate, whether now owned or hereafter acquired and wherever located, and all proceeds, rents and profits thereof. The liens granted by this Stipulation to Bank of America are subject only to the Priming Lien of Rapid Funding, Inc. on the property, project, and rents and any non-avoidable, valid, enforceable and perfected liens on or security interests in the assets of the Debtor, as a pre-petition debtor, which existed on the Petition Date, but only to the extent that such liens and security interests are superior in priority, to Bank of America's pre-petition liens and security interests in the assets of the Debtor, as a pre-petition debtor. Any pre-petition security interest or lien on the Debtor's property that is avoided or otherwise preserved for the benefit of the Debtor's bankruptcy estate under Bankruptcy Code § 551 or any other provision of the Bankruptcy Code shall be subordinate to the liens granted to Bank of America pursuant to this Stipulation. (*Id.* ¶ 4 at 3.)

5. The Debtor's use of Cash Collateral under this Stipulation shall terminate on the earliest to occur of (each such occurrence being hereinafter referred to as a "Termination Event"): (a) the end of business on February 15, 2011; (b) the Debtor's use of Cash Collateral or funds obtained from DIP Loan financing in any manner inconsistent with this Stipulation, prior stipulations by the Debtor, orders of this Court, or the Bankruptcy Code; (c) the dismissal of the Debtor's bankruptcy case or the conversion of the Debtor's bankruptcy case to a case under Chapter 7 of the Bankruptcy Code; (d) the entry by this Bankruptcy Court of an order granting relief from the automatic stay imposed by section 362 of the Bankruptcy Code to any creditor; (e) the appointment or election of a trustee or examiner with expanded powers or any other representative with expanded powers;

(f) the occurrence of the effective date or consummation of a plan of reorganization for the Debtor; (g) the entry of an order of this Bankruptcy Court reversing, staying, vacating or otherwise modifying in any material respect the terms of this Stipulation without Bank of America's consent; or (h) the entry of an order pursuant to section 363 of the Bankruptcy Code approving the sale of all or substantially all of the Debtor's assets. On and after the occurrence of a Termination Event, the Debtors shall immediately cease using Cash Collateral. (*Id.* ¶ 5 at 3.)

6. By Wednesday of each week, the Debtor shall provide Bank of America with a brief summary of all amounts it expended in the prior week. The Debtor shall also provide a brief summary of the amounts it has expended in total from the Petition Date through the end of the prior week. Both summaries shall show the amounts expended on Operational Expenses and on each category of Allowed Expenses (as defined in the Nov. 19 Stipulation). To the extent that the Debtor expends funds in categories not defined above, the Debtor shall summarize such expenditures as "Other" and provide a brief written description of the expenses incurred. (*Id.* ¶ 6 at 3.)

7. The terms of this Stipulation and Bank of America's consent to the Debtor's use of the Cash Collateral shall not be deemed to be a waiver of any of Bank of America's rights to file an objection with respect to any future use of Cash Collateral after a Termination Event, to seek and obtain relief from the automatic stay, to seek and obtain an order dismissing the Debtor's bankruptcy case or converting the case to chapter 7, to contest the adequacy in fact of the protection given by the Debtor to Bank of America, to file any other motion permitted by applicable law, or exercise any other remedy Bank of America may have under the Bankruptcy Code or otherwise. (*Id.* ¶ 7 at 3–4.)

WHEREFORE, the Debtor respectfully moves this Court for an order granting the following:

1. The Stipulation between the Debtor and Bank of America is approved;

2. The Debtor is authorized to use Bank of America's cash collateral, which consists of rents, revenues, issues, profits, proceeds, receipts, income, accounts and other receivables arising out of or from the Debtor's property, in accordance with the Stipulation;

3. The Debtor shall issue reports to Bank of America, documenting its expenditures, in accordance with the Stipulation;

7286074v2

4. For purposes of adequate protection regarding the use of cash collateral pursuant to 11 U.S.C. §§ 361, 362 and 363(e), the Debtor grants Bank of America replacement liens in all of the Debtor's post-petition assets. Except for the priming lien on the property, project, and rents granted to the debtor-in-possession lender, such liens shall have the same priority, dignity and effect as pre-petition liens on the pre-petition property of the Debtor;

5. The replacement liens granted by the Debtor shall be deemed properly perfected without further act or deed on the part of the Debtor or Bank of America; and

6. Bank of America is deemed to be adequately protected with respect to its collateral.


Dated: November 24, 2010 /e/ Lara O. Glaesman
Robert T. Kugler (#0194116)
Lara O. Glaesman (#0316866)
Adam D. Maier (#0386870)
**LEONARD, STREET AND DEINARD**
  *Professional Association*
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1657

**ATTORNEYS FOR PFG ASPENWALK, LLC**

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

PFG ASPENWALK, LLC,

         Debtor.

Chapter 11
Case No. 10-47089-RJK

## STIPULATION BY AND AMONG BANK OF AMERICA AND THE DEBTOR REGARDING THE DEBTOR'S USE OF CASH COLLATERAL UNDER 11 U.S.C. §§ 361, 362 and 363(e)

On this 19th day of November, 2010, PFG Aspenwalk, LLC ("Debtor") and Bank of America, N.A. ("Bank of America"; together with the Debtor, the "Parties") agree and stipulate ("Stipulation") as follows:

## RECITALS

WHEREAS, the Debtor is (1) the owner of a 14-unit apartment building located at 404 Park Avenue, Aspen, Colorado ("Property"), (2) a party to a purchase agreement for 414 Park Circle, Aspen, Colorado and (3) a party to a Joint Development Agreement with the Aspen Pitkin County Housing Authority covering the two properties described, for the purpose of constructing a residential condominium project ("Project").

WHEREAS, as of the Petition Date (as defined below), Bank of America, had a valid, binding, perfected, enforceable first priority security interest and lien on the Property which is not subject to avoidance, reduction, disallowance, impairment or subordination by the Debtor pursuant to the Bankruptcy Code or applicable non-bankruptcy law.

WHEREAS, as part of the security granted to Bank of America, the Debtor executed and Bank of America properly recorded an Assignment of Rents on or about December 21, 2007, whereby the Debtor sold, conveyed, and assigned to Bank of America all "rents, revenues, issues, profits, proceeds, receipts, income, accounts and other receivables" arising out of or from the Property ("Rents").

WHEREAS, on or about October 27, 2008, the Aspen City Council passed Resolution No. 74, granting Conceptual Planned Unit Development ("Conceptual PUD") approval for the Debtor's Project.

WHEREAS, Conceptual PUD approval for the Project was to expire on or about October 29, 2009.

WHEREAS, in or about September, 2009, the Debtor submitted a request to the Aspen City Council for extension of the Conceptual PUD approval.

WHEREAS, on or about October 13, 2009, the Aspen City Council granted the Debtor's request, extending Conceptual PUD approval until October 28, 2010.

WHEREAS, before the Debtor can begin Project construction, it must obtain Final PUD approval.

WHEREAS, on September 23, 2010 ("Petition Date"), the Debtor filed a bankruptcy petition with this court ("Bankruptcy Court"), commencing this Chapter 11 case.

WHEREAS, the Debtor filed an application with the City of Aspen seeking Final PUD approval.

WHEREAS, on or about October 18, 2010, the City of Aspen confirmed that the Debtor's submittal package for application for final PUD approval is deemed complete.

WHEREAS, on October 25, 2010, Bank of America filed notice pursuant to 11 U.S.C. § 546(b)(2) ("Notice"), and thus has a perfected lien in the Rents, either as a direct result of the Assignment of Rents or as a result of the filing of the Notice.

WHEREAS, on November 19, 2010, the Debtor and Bank of America entered into a stipulation with respect to the Debtor's authorization to obtain and make use of Debtor-in-Possession ("DIP") Loan financing ("Nov. 19 Stipulation").

WHEREAS Bank of America's lien in the Rents means that the Rents are its cash collateral as defined in Bankruptcy Code § 363.

WHEREAS, the Debtor seeks to use the Rents to pay for operating expenses associated with the management and operation of the rental property located at 404 Park Avenue, Aspen, Colorado.

NOW, THEREFORE, in consideration of the foregoing, Bank of America and the Debtor agree and stipulate, subject to Bankruptcy Court approval, as follows:

1.      The Debtor acknowledges that (a) Bank of America has a valid, binding, and enforceable first priority security interest and lien on the Rents, perfected no later than October 25, 2010; (b) Bank of America's interest and lien in the Rents is not subject to avoidance, reduction, disallowance, impairment or subordination by the Debtor pursuant to the Bankruptcy Code or applicable non-bankruptcy law; and (c) Rents arising after October 25, 2010 constitute cash collateral, as such term is defined in section 363 of the Bankruptcy Code ("Cash Collateral").

2.      Subject to the conditions of this Stipulation, the Debtor is authorized to use the Cash Collateral until February 15, 2011, solely and exclusively for operating expenses associated with the management and operation of the rental property at 404 Park Avenue ("Operational Expenses"); provided, however, to the extent there is excess Cash Collateral after Operational Expenses have been satisfied, the remaining Cash Collateral shall be used to fund Allowed Expenses, as defined in the Nov. 19 Stipulation, to reduce the Debtor's reliance on DIP Loan financing.

3. The Debtor shall provide Bank of America with written copies, in the form of invoices, receipts, checks, wire confirmations, or other verifying documents, evidencing the payments made by the Debtor with the Cash Collateral within five (5) days of making an expenditure.

4. As adequate protection for any diminution in the value of the collateral securing Bank of America's claims, Bank of America is hereby granted a valid, binding, enforceable and perfected lien in and on all real property and personal property of the Debtor and the Debtor's bankruptcy estate, whether now owned or hereafter acquired and wherever located, and all proceeds, rents and profits thereof. The liens granted by this Stipulation to Bank of America are subject only to the Priming Lien of Rapid Funding, Inc. on the property, project, and rents and any non-avoidable, valid, enforceable and perfected liens on or security interests in the assets of the Debtor, as a pre-petition debtor, which existed on the Petition Date, but only to the extent that such liens and security interests are superior in priority, to Bank of America's pre-petition liens and security interests in the assets of the Debtor, as a pre-petition debtor. Any pre-petition security interest or lien on the Debtor's property that is avoided or otherwise preserved for the benefit of the Debtor's bankruptcy estate under Bankruptcy Code § 551 or any other provision of the Bankruptcy Code shall be subordinate to the liens granted to Bank of America pursuant to this Stipulation.

5. The Debtor's use of Cash Collateral under this Stipulation shall terminate on the earliest to occur of (each such occurrence being hereinafter referred to as a "Termination Event"): (a) the end of business on February 15, 2011; (b) the Debtor's use of Cash Collateral or funds obtained from DIP Loan financing in any manner inconsistent with this Stipulation, prior stipulations by the Debtor, orders of this Court, or the Bankruptcy Code; (c) the dismissal of the Debtor's bankruptcy case or the conversion of the Debtor's bankruptcy case to a case under Chapter 7 of the Bankruptcy Code; (d) the entry by this Bankruptcy Court of an order granting relief from the automatic stay imposed by section 362 of the Bankruptcy Code to any creditor; (e) the appointment or election of a trustee or examiner with expanded powers or any other representative with expanded powers; (f) the occurrence of the effective date or consummation of a plan of reorganization for the Debtor; (g) the entry of an order of this Bankruptcy Court reversing, staying, vacating or otherwise modifying in any material respect the terms of this Stipulation without Bank of America's consent; or (h) the entry of an order pursuant to section 363 of the Bankruptcy Code approving the sale of all or substantially all of the Debtor's assets. On and after the occurrence of a Termination Event, the Debtors shall immediately cease using Cash Collateral.

6. By Wednesday of each week, the Debtor shall provide Bank of America with a brief summary of all amounts it expended in the prior week. The Debtor shall also provide a brief summary of the amounts it has expended in total from the Petition Date through the end of the prior week. Both summaries shall show the amounts expended on Operational Expenses and on each category of Allowed Expenses (as defined in the Nov. 19 Stipulation). To the extent that the Debtor expends funds in categories not defined above, the Debtor shall summarize such expenditures as "Other" and provide a brief written description of the expenses incurred.

7. The terms of this Stipulation and Bank of America's consent to the Debtor's use of the Cash Collateral shall not be deemed to be a waiver of any of Bank of America's rights to

file an objection with respect to any future use of Cash Collateral after a Termination Event, to seek and obtain relief from the automatic stay, to seek and obtain an order dismissing the Debtor's bankruptcy case or converting the case to chapter 7, to contest the adequacy in fact of the protection given by the Debtor to Bank of America, to file any other motion permitted by applicable law, or exercise any other remedy Bank of America may have under the Bankruptcy Code or otherwise.

8. The obligations and liens set forth herein are conditioned upon the entry of an order by the Bankruptcy Court approving this Stipulation, as set forth above. In the event this Stipulation is not approved by the Bankruptcy Court, nothing herein shall constitute an admission or otherwise be admissible against either party in any subsequent proceeding.

9. This Stipulation constitutes the entire understanding between the Debtor and Bank of America. Neither Bank of America nor the Debtor has made any other promises to or agreement with the other party other than those contained in this Stipulation. No wavier or modification of any term or condition contained herein shall be valid or binding unless in writing and executed by Bank of America and the Debtor.

Dated: November 24, 2010

By:

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Ronald A. Spinner
Timothy A. Fusco (P10768)
Marc N. Swanson (P71149)
Ronald A. Spinner (P73198)
Attorneys for Secured Creditor Bank of America, N.A.
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
fusco@millercanfield.com


By:

LEONARD, STREET AND DEINARD


By: /e/ Robert T. Kugler
 Robert T. Kugler (#0194116)
 Attorneys for PFG Aspenwalk, LLC
 150 South Fifth Street, Suite 2300
 Minneapolis, MN 55402
 (612) 335-1500

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

PFG ASPENWALK, LLC,

          Debtor.

Chapter 11
Case No. 10-47089 (RJK)

## CERTIFICATE OF SERVICE

I, Aong Moua, declare, under penalty of perjury, that on November 24, 2010, I filed:

**NOTICE OF HEARING AND MOTION FOR
APPROVAL OF STIPULATION BY AND AMONG
BANK OF AMERICA AND THE DEBTOR REGARDING
THE DEBTOR'S USE OF CASH COLLATERAL
UNDER 11 U.S.C. §§ 361, 362 and 363(e)**

with the Clerk of Bankruptcy Court through ECF, and that ECF will send an e-notice of electronic filing to the following:

    **William Fisher;** william.fisher@gpmlaw.com
    **Timothy A. Fusco;** fusco@millercanfield.com
    **Marc N Swanson;** swansonm@millercanfield.com
    **Michael Fadlovich**; michael.fadlovich@usdoj.gov
    **US Trustee**; ustpregion12.mn.ecf@usdoj.gov

I further certify that I caused a copy of the foregoing document and the Notice of Electronic Filing to be served by First Class Mail on the following parties:

| | |
|---|---|
| AMANDA SCHMITT<br>404 PARK AVENUE #1<br>ASPEN CO 81611 | ASPEN PITKIN HOUSING AUTHORITY<br>ATTN: TOM MCCABE, EXEC. DIR.<br>530 EAST MAIN STREET<br>ASPEN CO 81611 |
| ASPEN CUSTOM GLASS<br>601 RIO GRANDE PLACE, STE 119A<br>ASPEN CO 81611 | BANK OF AMERICA, N.A.<br>ATTN: RICHARD L. CARTER<br>2990 LAVA RIDGE CT, SUITE 120<br>ROSEVILLE CA 95661 |

7286074v2

BRITTANY BUFFALINO
404 PARK AVENUE #1
ASPEN CO 81611

CAMERON LEONARD
404 PARK AVENUE #9
ASPEN CO 81611

CITY OF ASPEN
130 SOUTH GALENA STREET
ASPEN CO 81611

CLAYTON DAY
404 PARK AVENUE #2
ASPEN CO 81611

HOLY CROSS ENERGY
P.O. BOX 2150
3799 HWY 82
GLENWOOD SPRINGS CO 81602

INTEGRITY PLUMBING AND HEATING
218 CODY LANE
BASALT CO 81621

JOAQUINN TARANGO
404 PARK AVENUE #5
ASPEN CO 81611

JONATHAN RIVERS
404 PARK AVENUE #3
ASPEN CO 81611

JULIE COOK
404 PARK AVENUE #0
ASPEN CO 81611

LAURENCE MONJI
404 PARK AVENUE #6A
ASPEN CO 81611

LINDSAY FORSTER
404 PARK AVENUE #3
ASPEN CO 81611

MANUEL CORRIPIO NORIEGA
PO BOX 2565
ASPEN CO 81612

REBECCA POLAN
404 PARK AVENUE #1
ASPEN CO 81611

ROSA GONGORA
404 PARK AVENUE #10
ASPEN CO 81611

SHAUN HEALY
404 PARK AVENUE #12
ASPEN CO 81611

SHERIDAN REAL ESTATE, LLC
ATTN: MARY ELLEN SHERIDAN
P.O. BOX 7757
ASPEN CO 81612

SOPRIS CONSULTING GROUP, LLC
ATTN: PAUL LOTZER
5400 NORWOOD LANE
PLYMOUTH MN 55442

STAN CLAUSON ASSOCIATES, INC
ATTN: STAN CLAUSON
412 N MILL STREET
ASPEN CO 81611

TERMINIX
2907 D 1/2 ROAD
GRAND JUNCTION CO 81504

WASTE MANAGEMENT-
CARBONDALE
PO BOX 78251
PHOENIX AZ 85062

IRS
CINCINNATI, OH  45999-0025

UNITED STATES ATTORNEY
600 U.S. COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS, MN  55415

IRS DISTRICT COUNSEL
650 GALTIER PLAZA
380 JACKSON STREET
SAINT PAUL, MN  55101

MINNESOTA DEPARTMENT OF REVENUE
BANKRUPTCY SECTION
P.O. BOX 64447
SAINT PAUL, MN  55164-00447

INTERNAL REVENUE SERVICE
STOP 5700
30 EAST SEVENTH STREET, #1222
SAINT PAUL, MN  55101-4940

SOURCE GAS DISTRIBUTION LLC
P.O. BOX 13288
FAYETTEVILLE, AR 72703

HONEYCOMB INTERNET SERVICES LL
77 13TH AVE. NE SUITE 210
MINNEAPOLIS, MN 55413


Dated:  November 24, 2010            */e/ Aong Moua*
                                     Aong Moua

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

PFG ASPENWALK, LLC,

        Debtor.

Chapter 11
Case No. 10-47089-RJK

**ORDER APPROVING STIPULATION BY AND AMONG
BANK OF AMERICA AND THE DEBTOR REGARDING
THE DEBTOR'S USE OF CASH COLLATERAL
UNDER 11 U.S.C. §§ 361, 362 and 363(e)**

Based on the stipulation by and among the debtor and Bank of America, N.A. (docket no. __),

**IT IS ORDERED:**

1. The stipulation between the debtor and Bank of America, N.A. is approved.

2. The debtor is authorized to use Bank of America, N.A.'s cash collateral, which consists of rents, revenues, issues, profits, proceeds, receipts, income, accounts and other receivables arising out of or from the debtor's property, in accordance with the stipulation.

3. The debtor shall issue reports to Bank of America, N.A., documenting its expenditures, in accordance with the stipulation.

4. For purposes of adequate protection regarding the use of cash collateral pursuant to 11 U.S.C. §§ 361, 362 and 363(e), the debtor grants Bank of America, N.A replacement liens in all of the debtor's post-petition assets. Except for the priming lien on the property, project, and rents granted to the debtor-in-possession lender, such liens shall have the same priority, dignity and effect as pre-petition liens on the pre-petition property of the debtor.

7278710v1

5. The replacement liens granted by the debtor shall be deemed properly perfected without further act or deed on the part of the debtor or Bank of America, N.A.

6. Bank of America, N.A. is deemed to be adequately protected with respect to its collateral.

Dated:

                                          Robert J. Kressel,
                                          United States Bankruptcy Judge

18,590,251.2\005710-00153