## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                    )        Chapter 11 Case
                                          )
      PFG AspenWalk, LLC               )        Case # 10-47089
                                          )
           Debtors          )
_____

## U.S. TRUSTEE'S OBJECTIONS TO PROPOSED
## DISCLOSURE STATEMENT
_____

The United States Trustee, by his undersigned attorney, objects to the adequacy of information in the proposed Disclosure Statement (Disclosure Statement) and the associated Plan of Reorganization (Plan) filed by the Debtor in this Chapter 11 case and dated March 15, 2011. In furtherance of his objections, the U.S. Trustee states as follows:

1. The proposed Disclosure Statement and Plan do not contain adequate information as required by 11 U.S.C. §1125(a) because of the following problems or deficiencies which the U.S. Trustee submits must be resolved before the Disclosure Statement can be approved.

2. The Debtor's Disclosure Statement and Plan describe the Debtor's receipt of a Letter of Intent to obtain $9 million in new funding which will be the source of funds for repayment of claims treated under the plan. However, that new financing is not yet certain. To contain adequate information, the disclosure statement should include an explanation of what will happen if the financing is not obtained and should further commit to having the financing in place as a prerequisite to confirmation. No purpose would be served in going forward to confirmation without financing approved on a final basis. Also, the new lender should also be identified at the time of plan confirmation and the disclosure statement and plan should make

clear that the new financing will be repaid post confirmation with the proceeds from the sale of the units being developed.

3. On page 23, the disclosure statement says that "success of the Plan depends almost entirely on the ability of the Debtor to obtain Final PUD Approval for the Development Property . . . ". To contain adequate information, the disclosure statement should state what will happen if such approval is not obtained.

4. In the treatment of general unsecured claims in Class IV, the disclosure statement and plan are inconsistent insofar as the disclosure statement says (at p.16) that there are two creditors in the class with claims totaling $1,108,751.41, while at page 21 it states there have been 3 proofs of claims filed totaling over $7.6 million. Since claim objections have not yet been resolved, the disclosure statement should make these provisions consistent, including providing for payment of all claims under the plan, if all are allowed. It would also be appropriate to identify each of the creditors in the class since there are only three and further to identify the basis for any objection the debtor has to the validity of such claims.

5. In the treatment of the Class II priority claims of tenants with security deposits, the plan and disclosure statement should make clear whether the debtor will repay all such deposits on the effective date (as stated in the Plan), or whether they will be repaid at the later of the effective date or the time the tenant moves out, and in the ordinary course of the debtor's current business as landlord.

6. On page 19, the disclosure statement identifies Exhibit E as future projections but the projections are actually attached as Exhibit D. Likewise, on pages 19 and 24, Exhibit F is listed as the liquidation analysis but should be Exhibit E.

7. The disclosure statement proposes to include a copy of the plan as Exhibit A. However, the order approving the disclosure statement will also require a copy of the plan to be attached, so the effect will be to require two copies of the plan to be sent to creditors. As a result, no purpose is served by including the plan as Exhibit A to the disclosure statement.

WHEREFORE, the United States Trustee hereby objects to the adequacy of information in the Debtor's proposed Disclosure Statement and Plan. The U.S. Trustee submits that the proposed Disclosure Statement should not be approved unless the foregoing deficiencies are resolved.

HABBO G. FOKKENA
United States Trustee
Region 12

Dated: April 8, 2011

By:   <u>e/Michael R. Fadlovich</u>
       Michael R. Fadlovich
       Trial Attorney #158410
       1015 U.S. Courthouse
       300 South Fourth Street
       Minneapolis, MN 55415
       612/ 334-1350

**VERIFICATION**

     I, Michael Fadlovich, Trial Attorney for the United States Trustee, do hereby certify that the foregoing is true and correct to the best of my knowledge, information and belief.

     Dated: April 8, 2011

_____e/Michael R. Fadlovich_____
Michael R. Fadlovich

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Case |
| | ) | |
| PFG AspenWalk, LLC | ) | Case # 10-47089 |
| | ) | |
| Debtors | ) | |

_____

MEMORANDUM OF LAW IN SUPPORT OF
OBJECTIONS TO PROPOSED DISCLOSURE STATEMENT

_____

The primary purpose of a disclosure statement is to give creditors information necessary to decide whether to accept the plan. In re Monnier Bros., 755 F.2d 1336, 1342 (8th Cir. 1985).

A disclosure statement must provide "adequate information" as defined in 11 U.S.C. 1125(a):

> Precisely what constitutes adequate information in any particular instance will develop on a case by case basis. Courts will take a practical approach as to what is necessary under the circumstances of each case . . . . In reorganization cases, there is frequently great uncertainty. Therefore the need for flexibility is greatest.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 409, reprinted in 1978 U.S. Code Cong. & Admin. News 5963, 6365. See also, 11 U.S.C. §1125(b) and In re Texas Extrusion Corp., 844 F.2d 1142, 1157 (5th Cir.), cert denied, 109 S.Ct. 311 (1988).

A nonexclusive list of the types of information that should be included in a disclosure statement can be found in In re Dakota Rail, Inc., 104 B.R. 138, 142-143 (Bkrtcy.D.Minn. 1989). See also, In re Haukos Farms, Inc., 68 B.R. 428 (Bkrtcy.D.Minn. 1986) and In re Metrocraft Pub. Services, Inc., 39 B.R. 567 (Bkrtcy.N.D.Ga.

Disclosure Statements which support plans that, on their face, are not confirmable do not need to be and should not be approved as containing adequate information. See In re Dakota Rail, Inc., at 142-143.

HABBO G. FOKKENA
United States Trustee
Region 12

Dated: April 8, 2011

By: ___e/Michael R. Fadlovich___
Michael R. Fadlovich
Trial Attorney #158410
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
612/ 334-1350

## CERTIFICATE OF SERVICE

In re:                                        )          Chapter 11 Case
                                              )
     PFG AspenWalk, LLC             )          Case # 10-47089
                                              )
          Debtors             )

       The undersigned hereby certifies under penalty of perjury that she is an employee in the Office of the United States Trustee for the District of Minnesota and is a person of such age and discretion as to be competent to serve papers.  That on April 8, 2011, she served a copy of the attached: United States Trustee's Objections to Proposed Disclosure Statement and Plan by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Minneapolis, Minnesota.

Addressee(s):

PFG AspenWalk, LLC                          Lara O. Glaesman
3208 West Lake St PMB 5                      Leonard, Street and Deinard
Minneapolis, MN 55416                        150 South Fifth Street Ste 2300
                                             Minneapolis, MN 55402

In addition, the following were served via the court's CM/ECF system:

William Fisher william.fisher@gpmlaw.com

Timothy A. Fusco fusco@millercanfield.com,

Lara O. Glaesman lara.glaesman@leonard.com,

Mark J. Kalla mark.kalla@btlaw.com,

Robert T. Kugler robert.kugler@leonard.com,

Adam D. Maier adam.maier@leonard.com,

Adine S Momoh adine.momoh@leonard.com,

Marc N Swanson swansonm@millercanfield.com


                   **By:**   **e**/Lilia Serna de Coronado

                   Lilia Serna de Coronado

                   U.S. Trustee's Office

                   300 South Fourth St., #1015

                   Minneapolis, MN  55415

                   (612) 334-1350

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Case |
| | ) | |
| PFG AspenWalk, LLC | ) | Case # 10-47089 |
| | ) | |
| Debtors | ) | |

---

     This matter came before the court for hearing on the hearing on adequacy of the debtor's March 15, 2011, proposed disclosure statement and related plan as filed in the above entitled case. Objections were filed by the U.S. Trustee.   Michael R. Fadlovich appeared on behalf of the United States Trustee.  Other appearances were noted in the record.

     The Court made its findings of fact and conclusions of law on the record pursuant to Rule 52 of the Federal Rules of Civil Procedure and Federal Rule of Bankruptcy Procedure 7052. Based on those findings,

     IT IS HEREBY ORDERED:

     That approval of the proposed disclosure statement is denied.


_____
ROBERT J. KRESSEL
United States Bankruptcy Judge