# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In the Matter of:                                              Case No. 10-47089-RJK

PFG ASPENWALK, LLC,                          Chapter 11

            Debtor.                                    Honorable Robert J. Kressel

_____/

## BANK OF AMERICA'S OBJECTION TO THE
## DEBTOR'S PROPOSED DISCLOSURE STATEMENT

Bank of America, N.A. ("Bank of America") objects to the debtor's disclosure statement (Doc. No. 71) for failure to provide adequate (and correct) information. Bank of America generally agrees with and adopts the U.S. Trustee's Objections to Proposed Disclosure Statement ("UST Objection," Doc. No. 85); thus, rather than repeat the U.S. Trustee's ("UST") arguments, Bank of America elaborates upon them. In short, in addition to the corrections identified by the UST, Bank of America believes that (1) confirmation should be contingent on resolution of the key risks identified by the debtor and (2) the debtor should correct its misstatements with regards to claim amounts. Bank of America thus respectfully represents as follows:

1. The debtor admits that the success of its plan "depends almost entirely on the ability of the Debtor to obtain Final PUD Approval for the Development Property and then refinance the Development Property as described in [the] Disclosure Statement." Doc. No. 71, p. 23. Essentially, the plan is not confirmable unless these conditions occur. The UST thus believes that having final financing in place should be a prerequisite to confirmation. UST Objection, ¶¶ 2, 3. Bank of America agrees, and believes that Final PUD approval should also be a prerequisite to confirmation. The debtor has identified these two key risks; it would be a waste of the court's and creditors' time to attempt to confirm the plan before resolving them.[1]

---

[1] *In re Dakota Rail, Inc.*, 104 B.R. 138, 143 (Bankr. D. Minn. 1989) ("Allowing a facially nonconfirmable plan to accompany a disclosure statement is both inadequate disclosure and a misrepresentation.").

2. The UST notes that the disclosure statement provides inconsistent information with respect to the amount of general unsecured claims. UST Objection, ¶ 4. The disclosure statement appears to misstate the amount of other claims as well.

3. For example, Bank of America filed a secured claim of approximately $7.2 million, consisting of no less than $6,488,884.77 under a note and no less than $703,307.18 under a swap agreement. Claim No. 3, Addendum, ¶¶ 5-6. In the disclosure statement, the debtor describes Bank of America's claim as only $6,448,844.77. Doc. No. 71, p. 15. The debtor appears to have ignored Bank of America's claim under the swap agreement, which it may not do without successfully objecting to Bank of America's claim.[2]

4. The debtor also understates Rapid Funding, LLC's ("Rapid Funding") claim. The disclosure statement states that, as of March 15, the debtor was indebted to Rapid Funding in the amount of $540,000. *Id.* On information and belief, this understates the debtor's indebtedness to Rapid Funding in that it ignores $30,000 in principal and accrued interest of approximately $20,000. As such, the debtor understates its indebtedness to Rapid Funding by at least $50,000. Further, the debtor should be required to amend its disclosure statement to include its most recent draw of $215,250 from the DIP loan. When these changes are made, Bank of America expects that the disclosure statement will reflect indebtedness to Rapid Funding in excess of $800,000.

5. Thus, in addition to the corrections required by the UST, the disclosure statement should be modified to (a) make confirmation conditional on both Final PUD approval and confirmed financing, so that the plan will not be patently unconfirmable when confirmation is sought, and (b) provide accurate information with regard to the amount of all claims. In all other regards, Bank of America adopts and endorses the UST Objection.

---

[2] *E.g.*, *Feinberg v. Bank of N.Y. (In re Feinberg)*, 442 B.R. 215, 220 (Bankr. S.D.N.Y. 2010) ("Pursuant to Bankruptcy Code Section 502(a), a proof of claim is deemed allowed unless a party in interest objects to it.").

## **CONCLUSION**

Accordingly, Bank of America respectfully objects to the adequacy of the information provided in the debtor's disclosure statement and requests that the court withhold approval of it until the deficiencies identified by the UST and elaborated upon herein are rectified.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Timothy A. Fusco
Timothy A. Fusco (P13768)
Marc N. Swanson (P71149)
Ronald A. Spinner (P73198)
Attorneys for Secured Creditor Bank of America, N.A.
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
fusco@millercanfield.com

Dated: April 13, 2011