## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

PFG ASPENWALK, LLC,

Debtor.

Chapter 11
Case No. 10-47089-RJK

## MOTION FOR ORDER AUTHORIZING THE ENLARGEMENT OF THE DEBTOR'S DEADLINE TO OBTAIN CONFIRMATION OF A PLAN

**TO: THE PARTIES IN INTEREST AS SPECIFIED IN BANKRUPTCY RULE 4001(c)(1)(C) AND LOCAL RULE 9013-3(a)(2).**

1. PFG AspenWalk, LLC (the "Debtor"), through its undersigned attorneys, moves this Court for the relief requested below and gives notice of hearing.

2. The Court will hold a hearing on the Debtor's Motion For Order Authorizing the Enlargement of the Debtor's Deadline to Obtain Confirmation of a Plan (the "Motion") 10:30 a.m. on July 27, 2011, before the Honorable Robert J. Kressel, in Courtroom 8W, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

3. Any response to this Motion must be filed and served by delivery no later than July 22, 2011, which is five (5) days before the time set for the hearing (including Saturdays, Sundays and holidays). **UNLESS A RESPONSE OPPOSING THIS MOTION IS TIMELY FILED, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT A HEARING**.

4. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005, and Local Rule 1070-1. This is a core proceeding.

7945823v1

5. On September 23, 2010 (the "Petition Date"), the Debtor filed a petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code" or "Code"). The case is now pending before this Court.

6. This Motion arises under Rule 9006(b) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 105. This Motion is filed under Rule 9014 of the Federal Rules of Bankruptcy Procedure and Local Rules 9013-1 to 9013-5.

7. The Debtor requests an order authorizing the enlargement of the Debtor's deadline to obtain confirmation of a plan.

## BACKGROUND

8. Since the Petition Date, the Debtor has operated its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Code. No creditors' or other official committee has been appointed pursuant to Section 1102 of the Bankruptcy Code. The primary parties-in-interest have been served with this Motion.

9. The Debtor's primary assets consist of the following: (i) real property located at 404 Park Avenue, Aspen, Pitkin County, Colorado (the "Rental Property") and the proceeds generated therefrom; (ii) the Debtor's rights under a purchase agreement for 414 Park Circle, Aspen, Pitkin County, Colorado; and (iii) a joint development agreement with Aspen Pitkin County Housing Authority covering the development of the Rental Property and the 414 Park Circle, Aspen, Pitkin County, Colorado property (collectively, the "Development Property"), all for the purpose of constructing a residential condominium project (the "Project").

10. To finance the acquisition of the Development Property, obtain Project approvals, and construct the Project, the Debtor used the proceeds of a loan (the "Bank of America Loan")

2

from Bank of America, N.A., as successor in interest to LaSalle Bank National Association, a national banking association ("Bank of America").

11. Before the Debtor could begin the Project, it had to obtain both Conceptual Planned Unit Development ("Conceptual PUD") approval and Final Planned Unit Development ("Final PUD") approval (collectively, "Preliminary Government Approvals") for the Project from the Aspen City Council.

12. In or around October 2007, the Debtor submitted an application to the Aspen City Council ("City Council") requesting Conceptual PUD approval for the Project.

13. On or about October 27, 2008, the City Council passed Resolution No. 74, granting Conceptual PUD approval for the Debtor's Project.

14. Conceptual PUD approval for the Project was to expire on or about October 29, 2009. In or around September 2009, the Debtor submitted a request to the City Council for extension of the Conceptual PUD approval.

15. On or about October 13, 2009, the City Council granted the Debtor's request, extending Conceptual PUD approval until October 28, 2010.

16. On or about October 12, 2010, the Debtor filed an application with the City of Aspen seeking Final PUD approval.

17. On or about October 18, 2010, the City of Aspen confirmed that the Debtor's submittal package for application for Final PUD approval was deemed complete.

18. On November 24, 2010, this Court entered an order providing, among other things, that the Debtor shall file a plan and a proposed disclosure statement no later than May 31, 2011 ("Order Setting Deadlines") [Doc. No. 41].

19. On December 14, 2010, Bank of America filed its Motion for Determination that the Debtor's Bankruptcy Case is a Single Asset Real Estate Case Pursuant to Bankruptcy Code Section 101(51)(B) ("Bank of America's Motion") [Doc. No. 44].

20. On December 30, 2010, the Debtor filed its Memorandum in Opposition to Bank of America's Motion [Doc. No. 50].

21. On January 4, 2011, the Debtor and Bank of America entered into a stipulation setting March 15, 2011, as the Debtor's deadline to file a plan and proposed disclosure statement and August 1, 2011, as the Debtor's deadline to obtain confirmation of a plan ("Stipulation") [Doc. No. 51]

22. On January 5, 2011, the Court entered an order approving the Stipulation ("Order") [Doc. No. 52]. It is the August 1, 2011, deadline in the Order that the Debtor seeks to enlarge.

23. On February 15, 2011, the Debtor attended a hearing before the City of Aspen Planning and Zoning Commission ("Commission") in relation to the Project. The Debtor attended additional hearings before the Commission on March 15, 2011 and May 3, 2011.

24. On March 15, 2011, the Debtor filed its disclosure statement ("Disclosure Statement") [Doc. No. 71] and plan of reorganization ("Plan of Reorganization") [Doc. No. 72].

25. On March 18, 2011, the Court entered an order setting the hearing on the Disclosure Statement for April 20, 2011, and for related deadlines [Doc. No. 74], which was continued to May 11, 2011. [Doc. No. 90].

26. During the May 3, 2011 hearing before the Commission, the Commission voted to recommend the Project to the Aspen City Council for consideration of the Debtor's submission for Final PUD approval.

7945823v1

4

27. On May 6, 2011, the Debtor learned the schedule for the appearances before the City Council. The scheduling of the City Council hearings is subject to the City Council's schedule and availability before the City Council. The first reading (the "First Reading") was scheduled for June 13, 2011. The First Reading is a brief introduction to the project and an opportunity for the City Council members to ask some initial questions and make a few points of what they would like addressed when the Debtor has a second reading. The second reading is the first substantive hearing of several hours, presentations, public comment, etc. (the "Second Reading"). The date for the Second Reading was selected by the Community Development Department because it is the first meeting for the newly seated City Council. The Second Reading was scheduled to commence on July 11, 2011, and the Debtor was scheduled as the second agenda item for this date. Another project that is ahead of the Debtor in the queue took up the June dates and the first part of the July 11, 2011 meeting to present to the City Council. The Debtor was also given calendar dates of July 25, 2011 and August 8, 2011 to be held for the Debtor in the event the City Council requires the Debtor to appear before it on additional days.

28. On May 10, 2011, the Debtor filed an amended disclosure statement ("Amended Disclosure Statement") [Doc. No. 93] and amended plan of reorganization ("Amended Plan") [Doc. No. 94].

29. On May 12, 2011, the Court entered an order approving the Amended Disclosure Statement and set a confirmation hearing date of June 22, 2011, and related deadlines [Doc. No. 98], which was continued to July 27, 2011 [Doc. No. 101].

30. On June 13, 2011, the Debtor appeared at the First Reading, where it made a brief presentation about the Project and was told to return for the Second Reading on July 11, 2011.

31. On July 11, 2011, the Debtor appeared at the Second Reading. Because there was another project ahead of the Debtor at the July 11 hearing, the Debtor was only given a short period of time to make its presentation and there was no public comment. At the end of the Second Reading, the City Council notified the Debtor that the Debtor shall appear at the City Council hearing on July 25, 2011, for presentation and public comment, and the City Council also reserved hearing dates for August 8, 2011, August 22, 2011, and September 12, 2011, in the event that additional dates are necessary.

32. Because of the additional hearing dates required by the City Council on the Debtor's application for Final PUD approval, the Debtor now seeks an order authorizing the enlargement of the Debtor's deadline to obtain confirmation of the Amended Plan from of August 1, 2011, to September 14, 2011.

33. Prior to the hearing on this Motion, and in settlement of any and all of the matters raised in this Motion, the Debtor may enter into a stipulation or agreed order with Bank of America concerning an enlargement of the Debtor's deadline to obtain confirmation of a plan and other related matters. In the event the Debtor enters into any such stipulation, it will seek approval of the stipulation without further notice or hearing and the **DEBTOR HEREBY GIVES NOTICE OF INTENT TO SEEK APPROVAL OF ANY SUCH STIPULATION.**

34. Pursuant to Local Rule 9013-2(c), the Debtor gives notice that it may, if necessary, call the following people to testify on behalf of the Debtor about the factual matters raised in this Motion: (a) Thomas Salmen, Vice President, Finance, of the Debtor, business address: 3208 W. Lake St. #5, Minneapolis, Minnesota 55416; and (b) Thomas H. Klassen, Vice President, Operations, of the Debtor, business address: 3208 W. Lake St. #5, Minneapolis, Minnesota 55416.

WHEREFORE, the Debtor moves the Court for an order authorizing an enlargement of the Debtor's deadline to obtain confirmation of the Amended Plan from August 1, 2011, to September 14, 2011, and providing such other and further relief as the Court deems just and equitable.

| | |
|---|---|
| Dated: July 13, 2011 | /e/ Lara O. Glaesman |
| | Robert T. Kugler (#0194116) |
| | Lara O. Glaesman (#0316866) |
| | Edwin H. Caldie (#0388930) |
| | **LEONARD, STREET AND DEINARD** |
| | *Professional Association* |
| | 150 South Fifth Street, Suite 2300 |
| | Minneapolis, MN 55402 |
| | Telephone: (612) 335-1500 |
| | Facsimile: (612) 335-1657 |
| | |
| | **ATTORNEYS FOR PFG ASPENWALK, LLC** |

## VERIFICATION

I, Thomas Salmen, an Officer of the Debtor, hereby verifies, under penalty of perjury, that I have read the foregoing Debtor's Motion For Order Authorizing the Enlargement of the Debtor's Deadline to Obtain Confirmation of a Plan, I know the contents thereof, and the information contained therein is true and correct to the best of my knowledge, information, and belief.

Dated: July 13, 2011

*/s/ Tom Sal*
Thomas Salmen, Officer

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re:<br><br>PFG ASPENWALK, LLC,<br><br>                 Debtor. | Chapter 11<br>Case No. 10-47089-RJK |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR ORDER AUTHORIZING THE ENLARGEMENT OF THE DEBTOR'S
DEADLINE TO OBTAIN CONFIRMATION OF A PLAN**

PFG AspenWalk, LLC (the "<u>Debtor</u>") respectfully submits this memorandum in support of its Motion For Order Authorizing the Enlargement of the Debtor's Deadline to Obtain Confirmation of a Plan (the "<u>Motion</u>").

**BACKGROUND**

The facts upon which the Debtor relies are set forth in the Debtor's verified Motion. All capitalized terms in this memorandum have the meanings ascribed to them in the Motion.

**ARGUMENT**

Rule 9006(b) of the Federal Rules of Bankruptcy Procedure provides that the Court for cause shown may at any time in its discretion enlarge a specified period of time in an order. Specifically, Bankruptcy Rule 9006(b) states:

> [E]xcept as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order….

Rule 9006(b). On January 5, 2011, the Court entered an order approving the Stipulation and setting the Debtor's deadline to obtain confirmation of a plan by August 1, 2011. The Debtor

seeks an order under Rule 9006(b) enlarging the Debtor's deadline from August 1, 2011, to September 14, 2011. The cause to warrant the enlargement of this deadline is that the City Council is now requiring the Debtor to attend one or more additional hearings before the City Council in order to complete the Final PUD approval process, which equates to the possibility of hearings after the deadline of August 1, 2011. If the Debtor's confirmation deadline is not enlarged by several weeks in order to comply with the City Council's revised hearing requirements, the Debtor will lose its ability to seek confirmation of its Amended Plan.

Since this case was commenced ten months ago, the Debtor has moved the Project successfully through the Conceptual PUD Approval process and the numerous Planning and Zoning Commission hearings, and is now navigating its way through the last phase of the Final PUD approval process — the hearings before the City Council. By obtaining Final PUD Approval, the Debtor will have increased substantially the value of the Development Property and the Rental Property, which will benefit all creditors and result in the Debtor's new financing and payment to all creditors under the provisions of the Amended Plan. The Planning and Zoning Commission and the City Council added additional hearing dates to the Final PUD Approval process, which the Debtor did not anticipate when it entered into the Stipulation, over seven months ago, to obtain confirmation of a plan by August 1, 2011. As a result of the additional hearings, it is unlikely that Final PUD Approval will be obtained by August 1, 2011. Rather, it is possible that the Debtor may need to attend additional City Council hearings on August 8, 2011, August 22, 2011, and September 12, 2011. For these reasons, the Debtor has shown cause exists for the Court to enlarge the confirmation deadline from August 1, 2011, to September 14, 2011, as provided by Rule 9006(b).

In addition to Rule 9006(b), the Court also has broad discretion to issue any order, process or judgment necessary and appropriate to carry out the provisions of the Code under 11 U.S.C. § 105. 11 U.S.C. § 105 (2011). Specifically, Section 105(a) states:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105 (2011). Moreover, section 105 provides the Court with "considerable latitude to fashion the ultimate form of the relief which it accords to parties before it." *In re Charterhouse, Inc.*, 84 B.R. 147, 154 (Bankr. D. Minn. 1988). Accordingly, the Court has broad discretion under section 105 to enlarge the confirmation deadline to September 14, 2011, in order to ensure that the Debtor may complete the Final PUD approval process, and the Debtor, creditors, and parties in interest may benefit from the completion of the Final PUD approval process and confirmation of the Amended Plan. An enlargement of the confirmation deadline is an equitable, necessary, and appropriate means to carry out the provisions of the Code in these circumstances.

## CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court enter an order authorizing an enlargement of the Debtor's deadline to obtain confirmation of the Amended Plan from August 1, 2011, to September 14, 2011, and providing such other and further relief as the Court deems just and equitable.

Dated: July 13, 2011                    /e/ Lara O. Glaesman
Robert T. Kugler (#0194116)
Lara O. Glaesman (#0316866)
Edwin H. Caldie (#0388930)
**LEONARD, STREET AND DEINARD**
  *Professional Association*
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1657

**ATTORNEYS FOR PFG ASPENWALK, LLC**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

PFG ASPENWALK, LLC,

        Debtor.

Chapter 11
Case No. 10-47089-RJK

## CERTIFICATE OF SERVICE

I, Aong Moua, declare, under penalty of perjury, that on July 13, 2011, I filed:

**NOTICE OF HEARING AND MOTION FOR ORDER AUTHORIZING THE ENLARGEMENT OF THE DEBTOR'S DEADLINE TO OBTAIN CONFIRMATION OF A PLAN**

with the Clerk of Bankruptcy Court through ECF, and that ECF will send an e-notice of electronic filing to the following:

    **William Fisher;** william.fisher@gpmlaw.com
    **Timothy A. Fusco;** fusco@millercanfield.com
    **Mark J. Kalla**; mark.kalla@btlaw.com
    **Marc N Swanson;** swansonm@millercanfield.com
    **Michael Fadlovich**; michael.fadlovich@usdoj.gov
    **US Trustee**; ustpregion12.mn.ecf@usdoj.gov

I further certify that I caused a copy of the foregoing document and the Notice of Electronic Filing to be served by First Class Mail on the following parties:

| | |
|---|---|
| GRAY PLANT MOOTY & BENNETT<br>ATTN: WILLIAM FISHER<br>LOCAL COUNSEL FOR BANK OF AMERICA<br>500 IDS CENTER<br>80 SOUTH 8TH STREET<br>MINNEAPOLIS, MN 55402 | MILLER CANFIELD PADDOCK & STONE PLC<br>ATTN: TIMOTHY A. FUSCO<br>COUNSEL FOR BANK OF AMERICA<br>150 W. JEFFERSON AVENUE<br>SUITE 2500<br>DETROIT, MI 48226 |

7945823v1

| | |
|---|---|
| MILLER CANFIELD PADDOCK & STONE PLC<br>ATTN: MARC N. SWANSON<br>COUNSEL FOR BANK OF AMERICA<br>150 W. JEFFERSON AVENUE<br>SUITE 2500<br>DETROIT, MI 48226 | RAPID FUNDING, LLC<br>ATTN: NEIL B. DOUGHERTY<br>730 SEVENTEENTH STREET<br>SUITE 200<br>DENVER, CO 80202 |
| AMANDA SCHMITT<br>404 PARK AVENUE #1<br>ASPEN, CO 81611 | BANK OF AMERICA, N.A.<br>ATTN: RICHARD L. CARTER<br>2990 LAVA RIDGE CT, SUITE 120<br>ROSEVILLE, CA 95661 |
| ASPEN CUSTOM GLASS<br>601 RIO GRANDE PLACE, STE 119A<br>ASPEN, CO 81611 | BRITTANY BUFFALINO<br>404 PARK AVENUE #1<br>ASPEN, CO 81611 |
| ASPEN PITKIN HOUSING AUTHORITY<br>ATTN: TOM MCCABE, EXEC. DIR.<br>530 EAST MAIN STREET<br>ASPEN, CO 81611 | CAMERON LEONARD<br>404 PARK AVENUE #9<br>ASPEN, CO 81611 |
| REBECCA POLAN<br>404 PARK AVENUE #1<br>ASPEN, CO 81611 | CITY OF ASPEN<br>130 SOUTH GALENA STREET<br>ASPEN, CO 81611 |
| CLAYTON DAY<br>404 PARK AVENUE #2<br>ASPEN, CO 81611 | HOLY CROSS ENERGY<br>P.O. BOX 2150<br>3799 HWY 82<br>GLENWOOD SPRINGS, CO 81602 |
| INTEGRITY PLUMBING AND HEATING<br>218 CODY LANE<br>BASALT CO 81621 | JOAQUINN TARANGO<br>404 PARK AVENUE #5<br>ASPEN CO 81611 |
| JONATHAN RIVERS<br>404 PARK AVENUE #3<br>ASPEN, CO 81611 | JULIE COOK<br>404 PARK AVENUE #0<br>ASPEN, CO 81611 |
| LAURENCE MONJI<br>404 PARK AVENUE #6A<br>ASPEN, CO 81611 | LINDSAY FORSTER<br>404 PARK AVENUE #3<br>ASPEN, CO 81611 |

MANUEL CORRIPIO NORIEGA
PO BOX 2565
ASPEN, CO 81612

IRS DISTRICT COUNSEL
650 GALTIER PLAZA
380 JACKSON STREET
SAINT PAUL, MN 55101

MINNESOTA DEPARTMENT OF REVENUE
BANKRUPTCY SECTION
P.O. BOX 64447
SAINT PAUL, MN 55164-00447

INTERNAL REVENUE SERVICE
STOP 5700
30 EAST SEVENTH STREET, #1222
SAINT PAUL, MN 55101-4940

HONEYCOMB INTERNET SERVICES LLC
77 13TH AVE. NE SUITE 210
MINNEAPOLIS, MN 55413

ROSA GONGORA
404 PARK AVENUE #10
ASPEN, CO 81611

SHAUN HEALY
404 PARK AVENUE #12
ASPEN, CO 81611

SOPRIS CONSULTING GROUP, LLC
C/O MARK J. KALLA
BARNES & THORNBURG LLP
225 SOUTH SIXTH STREET, SUITE 2800
MINNEAPOLIS, MN 55402

SOPRIS CONSULTING GROUP, LLC
ATTN: PAUL LOTZER
5400 NORWOOD LANE
PLYMOUTH, MN 55442

STAN CLAUSON ASSOCIATES, INC
ATTN: STAN CLAUSON
412 N MILL STREET
ASPEN, CO 81611

TERMINIX
2907 D 1/2 ROAD
GRAND JUNCTION, CO 81504

WASTE MANAGEMENT-CARBONDALE
PO BOX 78251
PHOENIX, AZ 85062

IRS
CINCINNATI, OH 45999-0025

UNITED STATES ATTORNEY
600 U.S. COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS, MN 55415

SOURCE GAS DISTRIBUTION LLC
P.O. BOX 13288
FAYETTEVILLE, AR 72703

U.S. TRUSTEE OFFICE
ATTN: MICHAEL FADLOVICH
1015 U.S. COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS, MN 55415

7945823v1

| | |
|---|---|
| PFG ASPENWALK, LLC<br>3208 WEST LAKE STREET<br>PMB 5<br>MINNEAPOLIS, MN 55416 | THOMAS HAY<br>6 BADGER LANE<br>NORTH OAKS, MN 55127 |
| THOMAS KLASSEN<br>2100 PARKLANDS ROAD<br>ST. LOUIS PARK, MN 55416 | THOMAS SALMEN<br>1972 SHERIDAN AVE. S.<br>MINNEAPOLIS, MN 55405 |
| FALCON PARTNERS, LTD.<br>1623 HARVARD STREET<br>HOUSTON, TX 77008 | PATRICIA A. HAMM<br>2014 OAKLAND ROAD<br>MINNETONKA, MN 55305 |
| GRAHAM O. KING FAMILY, LLC<br>12128 S E BIRKDALE RUN<br>TEQUESTA, FL 33469 | JEDCO PROPERTIES, LLC<br>P.O. BOX 1467<br>RUSTON, LA 71273-1467 |
| MARY L. JEFFRIES<br>18767 BEARPATH TRAIL<br>EDEN PRAIRIE, MN 55347 | LANCER PARTNERS, LLC<br>5001 SPRING VALLEY RD. STE. 290W<br>DALLAS, TX 75244 |
| JANE K. MAUER<br>80 S. 8TH ST. #4542<br>MINNEAPOLIS, MN 55402 | MARK LAUMANN<br>7155 COUNTY ROAD 155<br>WACONIA, MN 55387 |
| ARK ROYAL ASPEN REALTY, LLC<br>1616 S. VOSS # 450<br>HOUSTON, TX 77057 | SUN INVESTMENTS, LLC<br>404 S. MISSISSIPPI RIVER BLVD<br>ST. PAUL, MN 55105 |
| BRIAN'S ROOTER & DRAIN SERVICE<br>P.O. BOX 343<br>SILT, CO 81652 | MANUAL RICO<br>C/O JOHN WERNING<br>229 MCSKIMMING ROAD<br>ASPEN, CO 81611 |
| MR. VAC<br>P.O. BOX 2006<br>GLENWOOD SPRINGS, CO 81602 | SCOTTY'S ELECTRIC<br>90 SAGEBRUSH<br>ASPEN, CO 81611 |
| SHERIDAN REAL ESTATE, LLC<br>P.O. BOX 7757<br>ASPEN, CO 81612 | SUSAN CROSS<br>242 GROVE COURT<br>ASPEN, CO 81611 |

Dated: July 13, 2011

*/e/ Aong Moua*
Aong Moua

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

PFG ASPENWALK, LLC,

Chapter 11
Case No. 10-47089-RJK

Debtor.

## ORDER AUTHORIZING ENLARGEMENT OF DEBTOR'S DEADLINE TO OBTAIN CONFIRMATION OF A PLAN

Upon consideration of the debtor's motion seeking an order authorizing the enlargement of the debtor's deadline to obtain confirmation of a plan,

**IT IS ORDERED:**

The debtor is authorized to enlarge the deadline to obtain confirmation of the plan to September 14, 2011, as provided in the debtor's motion.

Dated:

Robert J. Kressel,
U.S. Bankruptcy Court Judge

7945823v1