**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In the Matter of: | Case No. 10-47089-RJK |
| PFG ASPENWALK, LLC, | Chapter 11 |
| Debtor. | Honorable Robert J. Kressel |

_____/

## BANK OF AMERICA'S NOTICE OF HEARING AND
## MOTION FOR RELIEF FROM STAY

1.      Bank of America, N.A. ("Bank of America"), by its undersigned counsel, Miller, Canfield, Paddock and Stone, PLC, and Gray, Plant, Mooty, Mooty & Bennett, P.A., moves the court as follows: should the debtor's plan not be confirmed at the July 27, 2011 hearing, Bank of America requests that the court grant Bank of America relief from stay ("Motion").  Bank of America hereby gives notice of hearing pursuant to Local Rules 9013-1, 9013-2(a), and 9013-3(a)(1).

2.      The court will hold a hearing on this motion at **2:00 p.m. on July 28, 2011**, or as soon thereafter as counsel can be heard before the Honorable Robert J. Kressel, in Courtroom 8W, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, or as soon thereafter as counsel may be heard.

3.      Any response to this motion must be filed and served by delivery or by mail not later than **July 22, 2011**, which is five (5) days prior (including Saturdays, Sundays, and holidays as determined under FRBP 9006(a)(1)).  UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.      On September 23, 2010 ("Petition Date"), the debtor filed a petition for relief with this court under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

5.	This court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, Federal Rule of Bankruptcy Procedure ("Federal Rule") 5005, and Local Rule 1070-1.

6.	This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (G), and (O).

7.	Venue of this Motion is proper under 28 U.S.C. § 1409.

8.	The relief sought is predicated on Bankruptcy Code §§ 101(51)(B) and 362(d)(3).

9.	Since the Petition Date, the debtor has operated its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

10.	No creditors' or other official committee has yet been appointed pursuant to Bankruptcy Code § 1102.

11.	The primary parties-in-interest have been served with this Motion.

## FACTUAL BACKGROUND

12.	The debtor is the owner of a 14-unit apartment building located at 404 Park Avenue, Aspen, Colorado ("Property").  The Property is the only tangible property owned by the Debtor.  On January 4, 2011, the debtor stipulated to the fact that this case is a single asset real estate case as defined under 11 U.S.C. § 101(51)(B) and that the debtor is therefore subject to 11 U.S.C. § 362(d)(3).  (Doc. No. 51.)  In this stipulation, the debtor agreed to entry of an order stating that it "shall obtain confirmation of a plan no later than August 1, 2011." *Id.*  This court approved and entered the requested order.  (Doc. No. 52.)

13.	In keeping with its agreement and the court order, the debtor scheduled a confirmation hearing four days prior to the deadline to consider its plan.

14.    On July 13, 2011, the debtor filed a motion to extend its deadline to obtain confirmation of a plan from August 1, 2011 to September 14,2 011. (Doc. No. 107.)  This motion will be heard by this court on July 27, 2011.

15.    Based upon PFG's motion, it will be impossible for PFG to obtain confirmation prior to the agreed upon deadline.

16.    In response to objections by the United States Trustee and Bank of America, the debtor stated in its disclosure statement that "Final PUD Approval and obtaining New Financing are prerequisites to confirmation of this Plan."  Debtor's Amended Disclosure Statement, Section XIII ("Risks Related to the Plan"), Doc. No. 93, p. 24.

17.    PFG states in its motion to extend time that it needs the extension in order to obtain Final Planned Unit Development ("PUD") approval.  PFG neglects to mention, however, that it has not yet taken the steps needed to secure financing by the current deadline, as required for plan confirmation.  Bank of America has seen no evidence to suggest that even if PFG were to receive Final PUD approval today that it could finalize the necessary financing in time to confirm its plan by the agreed-upon deadline.  The fact that Final PUD approval has not yet been granted is just one more hurdle PFG has failed to meet.

18.    The debtor's main evidence of such financing, at least as of the date of the filing of the amended plan and disclosure statement, consists of a letter from Kennedy Funding.  *Id*., Section X ("Means of Execution of the Plan"), p. 20.  The letter contemplates a 55% loan-to-market ratio.  *Id.*  Thus, it would appear that the debtor needs an up-to-date appraisal of the Property to secure financing.

19.     The debtor has known of this requirement at least since March 15, 2011.  Debtor's Disclosure Statement, Section X ("Means of Execution of the Plan"), Doc. No. 71, p. 19 (noting Kennedy Funding's requirement of a 55% loan-to-market ratio).

20.     Appraisals typically take time to perform, especially for complicated projects such as this.  They rarely can be ordered days in advance.

21.     On information and belief, despite (1) agreeing that proven financing is a requirement for confirmation, (2) knowing since March that an up-to-date appraisal is almost certainly necessary to obtain such financing, (3) and knowledge of the impending agreed-upon confirmation deadline, the debtor has not yet sought an appraisal of the Property.

22.     The debtor will not be able to confirm a plan within a reasonable time as required under 11 U.S.C. § 362(d)(3)(A).  The debtor is also not paying monthly interest as required under 11 U.S.C. § 362(d)(3)(B).  Thus, Bank of America is entitled to relief from stay on these grounds.

WHEREFORE, for the reasons stated in the memorandum accompanying this Motion, Bank of America respectfully requests that the court (1) grant this Motion; (2) enter an order granting Bank of America relief from stay; and (3) grant Bank of America whatever additional relief is just.

Dated:  July 14, 2011

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By:    /s/ Timothy A. Fusco
          Timothy A. Fusco (P13768)
          Marc N. Swanson (P71149)
          Ronald A. Spinner (P73198)
          Attorneys for Secured Creditor Bank of America, N.A.
          150 West Jefferson, Suite 2500
          Detroit, MI  48226
          (313) 963-6420
          fusco@millercanfield.com

GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.

By  /s/  William J. Fisher
          William J. Fisher, #167137
          500 IDS Center
          80 South 8th Street
          Minneapolis, Minnesota 55402
          Telephone:  (612) 632-3000
          Facsimile:    (612) 632-4444
          william.fisher@gpmlaw.com

GP:3010426 v2

# VERIFICATION

I, Richard L. Carter, SVP/Senior Portfolio Officer of Bank of America, N.A., declare under penalty of perjury that the foregoing Motion and accompanying Exhibits are true and correct according to the best of my knowledge, information, and belief.

Executed on:  July 13, 2011          Signed: _____

In the Matter of:                                    Case No. 10-47089-RJK

PFG ASPENWALK, LLC,                      Chapter 11

                    Debtor.                          Honorable Robert J. Kressel
_____/

**MEMORANDUM IN SUPPORT OF BANK OF AMERICA'S MOTION
FOR ENTRY OF AN ORDER GRANTING RELIEF FROM STAY**

**Miller, Canfield, Paddock & Stone, PLC**

**Timothy A. Fusco**
**Marc N. Swanson**
**Ronald A. Spinner**
150 West Jefferson, Suite 2500
Detroit, MI  48226
(313) 963-6420
fusco@millercanfield.com

**Attorneys for Bank of America, N.A.**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................ii

ARGUMENT IN SUPPORT OF MOTION ................................................................1

I.      INTRODUCTION ........................................................................................1

II.     BACKGROUND ..........................................................................................1

III.    ARGUMENT: BECAUSE PFG CANNOT CONFIRM ITS PLAN BY
        AUGUST 1, 2011, THE COURT SHOULD GRANT BANK OF AMERICA
        RELIEF FROM STAY. ................................................................................2

IV.     CONCLUSION ...........................................................................................3

# TABLE OF AUTHORITIES

## CASES

*Nationsbank, N.A. v. LDN Corp. (In re LDN Corp.)*, 191 B.R. 320 (Bankr. E.D. Va. 1996)..................................................................................................................2

## STATUTES

11 U.S.C. § 101(51)(B) ..................................................................................................1

11 U.S.C. § 362(d)(3) ................................................................................................1, 2

<h1 style="text-align:center">ARGUMENT IN SUPPORT OF MOTION</h1>

## I. INTRODUCTION

PFG AspenWalk, LLC's ("PFG") has admitted that its case is a single asset real estate case pursuant to Bankruptcy Code § 101(51B) and agreed that it must confirm a plan by August 1, 2011. On July 13, 2011, PFG filed a motion to extend its deadline to obtain confirmation of a plan from August 1, 2011 to September 14,2 011. This motion will be heard by this court on July 27, 2011. Based upon PFG's motion, it is clear that PFG will unable to confirm its plan by the originally agreed upon August 1 deadline. Thus, because PFG will most certainly fail to confirm its plan by August 1, Bank of America should be granted relief from stay.

## II. BACKGROUND

PFG owns a 14-unit apartment building located at 404 Park Avenue, Aspen, Colorado ("Property"). The Property is the only tangible property owned by PFG.

On January 4, 2011, PFG stipulated that this is a single asset real estate case as defined under 11 U.S.C. § 101(51)(B) and that PFG is therefore subject to 11 U.S.C. § 362(d)(3). (Doc. No. 51.) ). In this stipulation, PFG agreed to entry of an order stating that it "shall obtain confirmation of a plan no later than August 1, 2011." *Id.* This court approved and entered the requested order. (Doc. No. 52.) The stipulation and the order are attached as exhibit 1. In keeping with this order, PFG scheduled a confirmation hearing four days prior to the deadline to confirm a plan. In light of PFG's motion to extend the time to obtain confirmation of a plan, it will be impossible for PFG to obtain confirmation prior to the agreed upon deadline.

PFG stated in its disclosure statement that "Final PUD Approval and obtaining New Financing are prerequisites to confirmation of this Plan." Debtor's Amended Disclosure Statement, Section XIII ("Risks Related to the Plan"), Doc. No. 93, p. 24. PFG's main evidence of such

1

financing as of the date of the filing of the amended plan and disclosure statement consists of a letter from Kennedy Funding. *Id.*, Section X ("Means of Execution of the Plan"), p. 20. The letter contemplates a 55% loan-to-market ratio. *Id.* Thus, PFG likely needs an up-to-date appraisal of the Property to secure financing. PFG has known of this requirement at least since March 15, 2011. Debtor's Disclosure Statement, Section X ("Means of Execution of the Plan"), Doc. No. 71, p. 19 (noting Kennedy Funding's requirement of a 55% loan-to-market ratio).

### III. ARGUMENT: BECAUSE PFG CANNOT CONFIRM ITS PLAN BY AUGUST 1, 2011, THE COURT SHOULD GRANT BANK OF AMERICA RELIEF <u>FROM STAY</u>.

Pursuant to 11 U.S.C. § 362(d)(3), a debtor must either (1) file a plan of reorganization which has a reasonable chance of being confirmed within a reasonable time or else (2) commence monthly interest payments within 30 days of the court's determination that the debtor's case is a single asset real estate case, or else "the court shall grant relief from the stay." PFG has not made monthly interest payments. Thus, as a result of PFG imminent failure to confirm its plan, it will have failed both prongs of 11 U.S.C. § 362(d)(3) and relief from stay will therefore be appropriate.

PFG has stipulated and the court has agreed that PFG must obtain confirmation by August 1, thus defining what a "reasonable time" is for this case. PFG agreed to the order in question to obtain more time than it otherwise would have had under statute. (*Compare* 11 U.S.C. § 362(d)(3), providing that within 30 days of a determination that its case is a single asset real estate case, a debtor must file a plan or commence monthly payments, *with* Doc. No. 51, providing PFG with 70 days to file its plan.) Congress's purpose in enacting this statute was to provide for expeditious relief in single asset real estate cases. *See, e.g., Nationsbank, N.A. v. LDN Corp. (In re LDN Corp.)*, 191 B.R. 320, 326-27 (Bankr. E.D. Va. 1996). Having enjoyed additional time, PFG cannot now complain if it fails to live up to its agreement.

It is clear that based on PFG's most recent motion that it will be unable to confirm its plan by the August 1 deadline. In that case, pursuant to 11 U.S.C. § 362(d)(3), the court should grant Bank of America relief from stay.

**IV.    CONCLUSION**

PFG earned a chance at confirmation but has sought to have that chance continued beyond the agreed upon August 1 deadline. Bank of America had hope PFG would succeed in it attempt at confirmation, for Bank of America stood to be repaid in full if it did. At the moment, however, PFG has not taken the necessary steps to allow confirmation to occur. Moreover, as time passes, it seems increasingly unlikely that PFG will be able to obtain refinancing, an admitted precondition to confirmation. PFG will be unable to confirm its plan by the already once extended deadline to which PFG, the court and Bank of America agreed. As a result, the court should grant Bank of America relief from stay for the reasons stated herein.

Dated:  July 14, 2011

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.


By:      /s/ Timothy A. Fusco
        Timothy A. Fusco (P13768)
        Marc N. Swanson (P71149)
        Ronald A. Spinner (P73198)
        Attorneys for Secured Creditor Bank of America, N.A.
        150 West Jefferson, Suite 2500
        Detroit, MI  48226
        (313) 963-6420
        fusco@millercanfield.com

GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.

By:  /s/  William J. Fisher
        William J. Fisher, #167137
        500 IDS Center
        80 South 8th Street
        Minneapolis, Minnesota 55402
        Telephone:  (612) 632-3000
        Facsimile:   (612) 632-4444
        william.fisher@gpmlaw.com

GP:3010443 v2

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In the Matter of:                                    Case No. 10-47089-RJK

PFG ASPENWALK, LLC,                                  Chapter 11

Debtor.                                              Honorable Robert J. Kressel

_____/

### STIPULATION BY AND AMONG BANK OF AMERICA, N.A. AND THE DEBTOR RESOLVING BANK OF AMERICA, N.A.'S MOTION FOR DETERMINATION THAT PFG ASPENWALK, LLC'S BANKRUPTCY CASE IS A SINGLE ASSET REAL ESTATE CASE PURSUANT TO BANKRUPTCY CODE SECTION 101(51)(B)

On this 4th day of January, 2011, Bank of America, N.A. ("Bank of America") and the

Debtor, stipulate and agree as follows:

### RECITALS

WHEREAS, on November 24, 2010, this Court entered an order providing, among other

things, that the Debtor shall file a plan and a proposed disclosure statement no later than May 31,

2011 ("Order Setting Deadlines") [Doc. No. 41];

WHEREAS, on December 14, 2010, Bank of America filed its Motion for Determination

that the Debtor's Bankruptcy Case is a Single Asset Real Estate Case Pursuant to Bankruptcy Code

Section 101(51)(B) ("Motion") [Doc. No. 44];

WHEREAS, on December 30, 2010, the Debtor filed its Memorandum in Opposition to the

Motion [Doc. No. 50]; and

WHEREAS, the Motion is scheduled to be heard by this Court on January 5, 2011.

NOW, THEREFORE, in consideration of the foregoing, Bank of America and the Debtor,

agree and stipulate, subject to Bankruptcy Court approval, as follows:

7345891v1



**EXHIBIT**
1

1.    The Debtor's bankruptcy case is a "single asset real estate" case as that term is defined in Bankruptcy Code § 101(51)(B).

2.    The Debtor is subject to Bankruptcy § 362(d)(3).

3.    Paragraph 1 of the Order Setting Deadlines is deleted in its entirety and replaced by the following language: "The debtor shall file a plan and a proposed disclosure statement no later than March 15, 2011."

4.    Paragraph 4 of the Order Setting Deadlines is deleted in its entirety and replaced by the following language: "The debtor shall obtain confirmation of a plan no later than August 1, 2011."

5.    The Debtor shall have the exclusive right to file a plan and a proposed disclosure statement until March 15, 2011.

6.    This Stipulation constitutes the entire understanding between the Debtor and Bank of America. Neither Bank of America nor the Debtor has made any other promises to or agreement with the other party other than those contained in this Stipulation. No wavier or modification of any term or condition contained herein shall be valid or binding unless in writing and executed by Bank of America and the Debtor.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

By:

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.


By: _Timothy A. Fusco_
Timothy A. Fusco (P13768)
Marc N. Swanson (P71149)
Ronald A. Spinner (P73198)
Attorneys for Secured Creditor Bank of America, N.A.
150 West Jefferson, Suite 2500
Detroit, MI  48226
(313) 963-6420
fusco@millercanfield.com


By:

LEONARD, STREET AND DEINARD


By: _/e/Robert T. Kugler_____
Robert T. Kugler (#0194116)
Lara O. Glaesman (#0316866)
Attorneys for PFG Aspenwalk, LLC
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
(612) 335-1500

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In the Matter of:                                                Case No. 10-47089-RJK

PFG ASPENWALK, LLC,                                              Chapter 11

        Debtor.

---

## ORDER

Pursuant to the stipulation of the debtor and Bank of America, N.A., dated January 4, 2011,

**IT IS ORDERED:**

1.     The debtor's bankruptcy case is a single asset real estate case as defined in Bankruptcy Code § 101(51)(B).

2.     The debtor is subject to 11 U.S.C § 362(d)(3).

3.   The debtor shall file a plan and a proposed disclosure statement no later than March 15, 2011.

4.   The debtor shall obtain confirmation of a plan no later than August 1, 2011.

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 01/05/2011
Lori Vosejpka, Clerk, by LMH

5.     The debtor has the exclusive right to file a plan and a proposed disclosure statement until March 15, 2011.

Dated: January 5, 2011

/e/ Robert J. Kressel
Robert J. Kressel,
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In the Matter of:                                         Case No. 10-47089-RJK

PFG ASPENWALK, LLC,                          Chapter 11

         Debtor.                                  Honorable Robert J. Kressel

---

## CERTIFICATE OF SERVICE
---

I hereby certify that on July 14, 2011 I caused the following:

1.     Bank of America's Notice of Hearing and Motion for Relief From Stay;
2.     Memorandum in Support of Bank of America's Motion for Entry of an Order Granting Relief From Stay; and
3.     Order Granting Relief From the Stay.

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

| | |
|---|---|
| Adam D. Maier | Adam.maier@leonard.com |
| Lara O. Glaesman | Lara.glaesman@leonard.com |
| Robert T. Kugler | Robert.kugler@leonard.com |
| Marc N. Swanson | swansonm@millercanfield.com |
| Michael Fadlovich | Michael.fadlovich@usdoj.gov |
| U.S. Trustee | Ustpregion12.mn.ecf@usdoj.gov |
| Timothy A. Fusco | fusco@millercanfield.com |
| Adine S. Momoh | Adine.momoh@leonard.com |

I further certify that I caused a copy of the foregoing documents and the notice of electronic filing to be mailed by first class mail, postage paid, to the following non-ECF participants:

| | |
|---|---|
| PFG AspenWalk, LLC | MN Dept. of Economic Security |
| 3208 West Lake Street, PMB 5 | 332 Minnesota Street |
| Minneapolis, MN 55416 | St. Paul, MN 55101-1351 |
| | |
| IRS District Counsel | Internal Revenue Service |
| 380 Jackson St., Ste. 650 | Wells Fargo Place |
| St. Paul, MN 55101-4804 | 30 E 7th St., Mail Stop 5700 |
| | St. Paul, MN 55101 |

MN Dept. of Revenue               US Attorney
Collection Enforcement       600 US Courthouse
551 Bankruptcy Section        300 S. 4th Street
600 No. Robert Street          Minneapolis, MN 55415
PO Box 64447
St. Paul, MN 55101-2228


Dated:  July 14, 2011             GRAY, PLANT, MOOTY,
                                MOOTY & BENNETT, P.A.


                                /e/ William J. Fisher
                             William J. Fisher (MN# 167137)

GP:3010605 v1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In the Matter of:                                              Case No. 10-47089-RJK

PFG ASPENWALK, LLC,                                  Chapter 11

                          Debtor.                                Honorable    Robert    J.
Kressel
_____/

**ORDER GRANTING RELIEF FROM THE STAY**

_____

        The above-entitled matter came on for hearing before the court on July 28, 2011

upon the verified motion for relief from the stay filed by Bank of America, N.A..  Based on

the verified motion, all of the files and records in this case, it appearing that notice of the

hearing on the motion was adequate, and the court being fully advised in the premises,

        **IT IS HEREBY ORDERED:**

        1.        Bank of America, N.A. is granted relief from the stay and may take any and

all actions permitted under applicable law and any loan documents to enforce its rights with

respect to its collateral held by PFG Aspenwalk, LLC.

        2.        The Order shall take effect immediately and no stay of the Order shall be in

place under Federal Rule of Bankruptcy Procedure 4001.




Dated:_____        **BY THE COURT**


                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE