**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In the Matter of: | Case No. 10-47089-RJK |
| PFG ASPENWALK, LLC, | Chapter 11 |
| Debtor. | Honorable Robert J. Kressel |
| _____/ | |

**BANK OF AMERICA'S OBJECTION TO THE DEBTOR'S MOTION
FOR ORDER AUTHORIZING THE ENLARGEMENT OF THE
DEBTOR'S DEADLINE TO OBTAIN CONFIRMATION OF PLAN**

Bank of America, N.A. ("Bank of America"), by its undersigned counsel, Miller, Canfield, Paddock and Stone, PLC, and Gray, Plant, Mooty, Mooty & Bennett, P.A., objects to the debtor's Motion for Order Authorizing the Enlargement of the Debtor's Deadline to Obtain Confirmation of Plan (Doc. No. 107). In support of this objection, Bank of America respectfully represents as follows:

**I.   SUMMARY**

1. The crux of the issue before the Court is summarized in paragraph 32 of PFG Aspenwalk, LLC's ("PFG") motion: "Because of the additional hearing dates required by the City Council on the Debtor's application for Final PUD approval, the Debtor now seeks an order authorizing the enlargement of the Debtor's deadline to obtain confirmation of the Amended Plan . . . ." This statement infers that PUD approval is the only obstacle to plan confirmation. In fact, however, PFG has two confirmation pre-requisites: (1) Final PUD approval, and (2) confirmed financing. The real issue here is that PFG has made little, if any, meaningful progress on obtaining financing. Were PFG before this court with a financing commitment in hand, subject only to Final PUD approval, there might be reason to consider this motion. On information and belief, however, financing still has not been obtained, so even if PFG were granted Final PUD approval as of the filing of this objection, it still could not confirm its plan on

time. Unless PFG can demonstrate that it has such a financing commitment in hand, this court should not ignore its earlier orders and subject Bank of America to further delay..

II. **OBJECTION**

2. On January 4, 2011, PFG stipulated that this is a single asset real estate case as defined under 11 U.S.C. § 101(51)(B) and that PFG is subject to 11 U.S.C. § 362(d)(3). (Doc. No. 51.) This court approved and entered the requested order on January 5. (Doc. No. 52.)

3. Pursuant to 11 U.S.C. § 362(d)(3), a debtor must either (1) file a plan of reorganization which has a reasonable chance of being confirmed within a reasonable time or else (2) commence monthly interest payments within 30 days of the court's determination that the debtor's case is a single asset real estate case, or else "the court shall grant relief from the stay." Congress's purpose in enacting this statute was to provide for expeditious relief in single asset real estate cases. *See, e.g., Nationsbank, N.A. v. LDN Corp. (In re LDN Corp.)*, 191 B.R. 320, 326-27 (Bankr. E.D. Va. 1996).

4. Thus, PFG normally would have had to file a plan by February 4, and there would need to be a "reasonable chance" that the plan filed could be confirmed in a "reasonable time." Alternatively, PFG would need to being making interest payments by February 4. If neither happened, Bank of America would be granted relief from stay.

5. Rather than make interest payments, PFG stipulated to entry of an order stating that it "shall file a plan and a proposed disclosure statement no later than March 15, 2011" and that it further "shall obtain confirmation of a plan no later than August 1, 2011." (Doc. Nos. 51, 52.) The parties and the court thus allowed PFG 70 days (rather than 30) to file its plan, and set August 1 as the "reasonable time" for confirmation.

6. PFG timely filed its plan on the last day allowed. It later amended the plan to resolve objections. In its amended disclosure statement, PFG agreed that "Final PUD Approval

and obtaining New Financing are prerequisites to confirmation of this Plan." Debtor's Amended Disclosure Statement, Section XIII ("Risks Related to the Plan"), Doc. No. 93, p. 24.

7. Although PFG has admitted that financing is a prerequisite to confirmation, it has made little apparent progress in obtaining this financing. To-date, PFG's main evidence of financing consists of a letter from Kennedy Funding. *Id*., Section X ("Means of Execution of the Plan"), p. 20. The letter contemplates a 55% loan-to-market ratio. *Id.* Thus, PFG likely needs an up-to-date appraisal of its property to secure financing. PFG has known this since at least March 15, 2011. Debtor's Disclosure Statement, Section X ("Means of Execution of the Plan"), Doc. No. 71, p. 19 (noting Kennedy Funding's requirement of a 55% loan-to-market ratio).

8. On information and belief, PFG has not yet sought an appraisal. Nothing prevents PFG from doing so. Indeed, in its most recent request for additional DIP financing the Debtor requested, and was granted, funds to pay fees and other costs to Kennedy Funding for the loan. One of these costs would certainly be the appraisal fee. Moreover, appraisals are routinely conducted on an "as completed" or "as entitled" basis. In this case, there is absolutely no reason to wait for Final PUD approval before starting an appraisal. Final PUD approval will effect no physical changes to PFG's property; the only change is that the property now becomes endowed with the right to develop it in the manner approved. An appraiser can simply assume that is the case and proceed on that basis. Also, appraisals must be planned in advance, since they take time to complete, particularly on complex projects such as this. Had PFG been serious about meeting its August 1 deadline, it would have planned accordingly.

9. Now, having pushed its confirmation date back to a mere four days before the deadline, PFG seeks a further extension, lamenting that difficulties with the Aspen City Council require this court to extend the deadline. Note that based on PFG's motion, Final PUD approval

may well be granted on July 25 in time for the originally scheduled hearing. PFG requests an extension, though, because the City Council reserved additional dates, August 8, August 22, and September 12, in the event they might be needed. As discussed above, however, even were the City Council to grant Final PUD approval <u>today</u>, PFG could not proceed with confirmation.

10. Given the sorry state of the economy, PFG's lack of progress with financing is profoundly disturbing. At best, it suggests that when PFG finally attains Final PUD approval, it will be back in court seeking further extensions to work out difficulties that will inevitably arise with some as-of-yet unascertained lender. At worst, it may imply that financing simply is not available, and that PFG is merely stalling, hoping for an improvement in the economy.

11. This court and PFG should recall that the deadline at issue was voluntarily assumed and court ordered. Court orders are not to be undertaken lightly nor set aside without good cause as "neither the court nor creditors should have to coerce or implore a debtor into fulfilling the obligations imposed upon it." *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991); *see also In re Forster*, 162 B.R. 478, 482 (Bankr. N.D. Ohio 1993). Instead, PFG "is constrained to observe both the letter and the spirit of the orders granting it protection. . . ." *Berryhill*, 127 B.R. at 433. PFG agreed to this deadline to escape the burdens of an earlier deadline imposed by statute; it should not be allowed to continue evading its obligations.

12. In short, despite PFG's portrayal, this is not some cruel twist of fate brought on by city politics. Had PFG wanted to confirm its plan by the deadline, it could have arranged for an appraisal, lined up financing (also "subject to Final PUD approval"), then come to the court with a true issue when Final PUD approval did not materialize on time as expected. Instead, PFG's apparent lack of progress on financing made its request for extension inevitable. PFG appears to be stalling for time, hoping the market will improve so that it may be rescued. This defies the

letter and spirit of 11 U.S.C. § 362(d)(3). Unless PFG shows this court that it could have confirmed its plan by the deadline <u>but for</u> the City Council delays, extension should be denied.[1]

13. In the alternative, if the court feels that it must grant some extension to PFG, Bank of America requests that the time granted be limited to resolving the issue raised by PFG: achieving Final PUD approval. As this is the only issue raised by PFG, any relief granted should be tailored to that end. PFG's motion suggests that Final PUD approval most likely will be granted on July 25, and thus the requested extension may well unnecessary. If so, the relief requested unnecessarily postpones confirmation of this SARE case to about 50 days after the issue raised has been resolved, just shy of the first anniversary of the petition date.

14. The fact that the City Council reserved additional dates "just in case" is not controlling; even if the City Council may be inclined to discuss the matter indefinitely, it must be resolved soon. (A court deadline may, in fact, spur the Council to a final decision.) However, Bank of America is aware that PFG has already committed itself by continuing its confirmation hearing, and thus, despite its apparent lack of progress on financing, the court may be inclined to grant it some relief.

15. Thus, should this court decide to grant any relief, Bank of America requests that it schedule the confirmation hearing for the first date available after August 8 and extend the debtor's deadline only to that date. Limiting the extension will at least hold PFG to the spirit of its earlier commitment (if not the letter) and give meaning to the court's earlier orders. PFG then must either show the court that financing is available or admit that it cannot be done. Either way, the case should resolve fairly quickly thereafter.

---

[1] Had the Debtor presented a financing commitment subject only to Final PUD approval, it is likely Bank of America would have consented to a month extension. The Debtor has provided no updates on the status of the appraisal or the financing beyond the initial non-binding expression of interest. Waiting a month to be paid in full is one thing. Waiting a month only to be told the plan cannot be confirmed is quite another.

## III. CONCLUSION

Accordingly, Bank of America respectfully objects to the debtor's motion and requests that the court DENY PFG's request to extend its deadline for confirmation, or in the alternative, grant only the limited relief discussed herein.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Ronald A. Spinner
Timothy A. Fusco (P13768)
Marc N. Swanson (P71149)
Ronald A. Spinner (P73198)
Attorneys for Secured Creditor Bank of America, N.A.
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
swansonm@millercanfield.com

-and-

GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.

By /s/ William J. Fisher
William J. Fisher (#167137)
Jessica Mitchell (#0389738)
500 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 632-3000
Facsimile: (612) 632-4444
william.fisher@gpmlaw.com
jessica.mitchell@gpmlaw.com

Dated: July 22, 2011

## VERIFICATION

I, Richard L. Carter, SVP/Senior Portfolio Officer of Bank of America, N.A., declare under penalty of perjury that the foregoing Motion and accompanying Exhibits are true and correct according to the best of my knowledge, information, and belief.

Executed on: July 22, 2011     Signed: _*[signature]*_____

19,240,832.1\005710-00153

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In the Matter of: | Case No. 10-47089-RJK |
| PFG ASPENWALK, LLC, | Chapter 11 |
| Debtor. | Honorable Robert J. Kressel |

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2011 I caused the following:

Bank of America's Objection to the Debtor's Motion for Order Authorizing the Enlargement of the Debtor's Plan Deadline to Obtain Confirmation of Plan

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

| | |
|---|---|
| Adam D. Maier | Adam.maier@leonard.com |
| Lara O. Glaesman | Lara.glaesman@leonard.com |
| Robert T. Kugler | Robert.kugler@leonard.com |
| Marc N. Swanson | swansonm@millercanfield.com |
| Michael Fadlovich | Michael.fadlovich@usdoj.gov |
| U.S. Trustee | Ustpregion12.mn.ecf@usdoj.gov |
| Timothy A. Fusco | fusco@millercanfield.com |
| Adine S. Momoh | Adine.momoh@leonard.com |

I further certify that I caused a copy of the foregoing documents and the notice of electronic filing to be mailed by first class mail, postage paid, to the following non-ECF participants:

Dated: July 22, 2011　　　　　　　　　　GRAY, PLANT, MOOTY,
　　　　　　　　　　　　　　　　　　　　　MOOTY & BENNETT, P.A.

　　　　　　　　　　　　　　　　　　　　　　/e/ William J. Fisher
　　　　　　　　　　　　　　　　　　　　　William J. Fisher (MN# 167137)

GP:3015347 v1